

LEONIDAS RALPH MECHAM
Director

CLARENCE A. LEE, JR.
Associate Director

**ADMINISTRATIVE OFFICE OF THE
UNITED STATES COURTS**

WASHINGTON, D.C. 20544

September 22, 2005

WILLIAM R. BURCHILL, JR.
Associate Director
and General Counsel

ROBERT K. LOESCHE
Deputy General Counsel

<u>CERTIFIED MAIL - RETURN RECEIPT REQUESTED</u>

Rodney Eugene Smith #03898-088
FCC-Low
Unit C-3
Post Office Box 1031
Coleman, FL 33521-1031

Dear Mr. Smith:

This will serve as formal notification that the Administrative Office of the United States Courts has denied in full your tort claims, three dated March 30, 2005, demanding $4 billion, $2 billion, and $1.5 billion respectively, and one dated January 7, 2005, arising from your federal criminal conviction and imprisonment.

It is this agency's conclusion that, because your claims arise entirely from the district courts disposition of judicial matters in the course of your criminal trial and sentencing, the United States may assert absolute judicial immunity from liability. 28 U.S.C. § 2674. In addition, the alleged tortious conduct occurred in the years 2000 and 2001, much more than two years before the claims were presented; therefore, the claims are barred as untimely. 28 U.S.C. § 2401(b). Finally, to the extent you allege violations of your constitutional rights, your claims are excluded from the coverage of the Federal Tort Claims Act. 28 U.S.C. § 2679(b)(2).

I am required by regulations of the Department of Justice to advise you that you have the right to file suit in an appropriate United States district court within six months of the date of mailing of this notification.

Sincerely,

*John Chastain*

John L. Chastain
Assistant General Counsel

cc: Phyllis J. Pyles

*Exhibit*
*1*

Rodney Eugene Smith
FCC, Low, Unit C-3
P.O. Box 1031
Coleman, FL, 33521-1031

Kimberly P. Smith, Torts Branch
Civil Division, DOJ
P.O. Box 888, Franklin Sta.
Washington, D.C., 20044

*Cert Mail: 7005 0390 0000 8160 9998*

June 23, 2005

Re:  Your letter dated June 16, 2005

    The attached Amended SF-95 has been forwarded to:

William R. Burchill, Jr.
General Counsel
Administrative Office of U.S. Courts
1 Columbus Circle, N.E.
Suite 7-290
Washington, D.C., 20544

*Rodney Eugene Smith*
Rodney Eugene Smith

---

**U.S. Postal Service™**
**CERTIFIED MAIL™ RECEIPT**
*(Domestic Mail Only; No Insurance Coverage Provided)*
For delivery information visit our website at www.usps.com

| | |
|---|---|
| Postage | $ .60 |
| Certified Fee | 2.30 |
| Return Receipt Fee (Endorsement Required) | |
| Restricted Delivery Fee (Endorsement Required) | Postmark Here |
| Total Postage & Fees | $ 2.90 |

7005 0390 0000 8160 9998

Sent To: *KIMBERLY SMITH TORT CLAIMS*
Street, Apt. No.; or PO Box No. *PO Box 888*
City, State, ZIP+4 *WASH. D.C. 20044*

PS Form 3800, June 2002            See Reverse for Instructions

*Exhibit 2*

# CLAIM FOR DAMAGE, INJURY, OR DEATH

INSTRUCTIONS: Please read carefully the instructions on the reverse side and supply information requested on both sides of this form. Use additional sheet(s) if necessary. See reverse side for additional instructions.

FORM APPROVED
OMB NO.
1105-0008
EXPIRES 3-31-91

| 1. Submit To Appropriate Federal Agency: **AMENDED** | 2. Name, Address of claimant and claimant's personal representative, if any. (See Instructions on reverse.) (Number, street, city, State and Zip Code) |
|---|---|
| Director of Tort Civil Division U.S. Dept. of Justice Washington, D.C. 20530 | Rodney Eugene Smith FCC, Low, Unit C-3 P.O. Box 1031 Coleman, FL, 33521-1031 |

| 3. TYPE OF EMPLOYMENT ☐ MILITARY ☐ CIVILIAN NA | 4. DATE OF BIRTH 17/11/37 | 5. MARITAL STATUS M | 6. DATE AND DAY OF ACCIDENT February, 2000 | 7. TIME (A.M. OR P.M.) NA |
|---|---|---|---|---|

8. Basis of Claim (State in detail the known facts and circumstances attending the damage, injury, or death, identifying persons and property involved, the place of occurence and the cause thereof.) (Use additional pages if necessary.) In February, 2001, Judge David A. Faber was assigned criminal case 01:01-00007 regarding claimant. Claimant was previously arrested by West Virginia State Police on December 7, 2000, and turned immediately over to IRS Agent Frank Klepadlo and another agent. This matter involves Judge Faber as a tort-feasor as he failed to perform his non-discretionary ministerial duties to insure the accuracy of the record. Furthermore, claimant ahs a claim against Judge Faber which he was aware of, and should have immediately recused himself, as his bias became evident later on during trial and at sentencing. See continuation sheets. The exhibits attached hereto are incorporated herein by reference as if fully contained herein and are true and correct.
This SF-95 is Amended, the continuation sheets remain the same.

## 9. PROPERTY DAMAGE

NAME AND ADDRESS OF OWNER, IF OTHER THAN CLAIMANT (Number, street, city, State, and Zip Code)
NA

BRIEFLY DESCRIBE THE PROPERTY, NATURE AND EXTENT OF DAMAGE AND THE LOCATION WHERE PROPERTY MAY BE INSPECTED. (See instructions on reverse side.) As a result of Judge Faber's failure to insure that "binding directives", Title 5, §§3372/3374, Title 18, § 3182, and other directives pursuant to Loughlin v U.S., 383 F3d 155 (D.C. Cir. 2004) were complied with, Claimant has suffered as noted in Block 10.

## PERSONAL INJURY/WRONGFUL DEATH

STATE NATURE AND EXTENT OF EACH INJURY OR CAUSE OF DEATH, WHICH FORMS THE BASIS OF THE CLAIM. IF OTHER THAN CLAIMANT, STATE NAME OF INJURED PERSON OR DECEDENT. Claimant has suffered loss of liberty, loss of property, loss of enjoyment of life, pursuit of happiness, loss of companship of 48 years, loss of family relationship, right to due process of law, kidnapping, abuse of process, assault and battery, false arrest/imprisonment, unlawful search and seizure of person and property.

## 11. WITNESSES

| NAME | ADDRESS (Number, street, city, State, and Zip Code) |
|---|---|
| Eric Lee Jensen | FCC, Low Unit B-2, P.O. Box 1031 Coleman, FL, 33521-1031 |
| Wayne Johnson | FCC, Low, Unit A-4, P.O. Box 1031 Coleman, FL, 33521-1031 |

## 12. (See Instructions on reverse) AMOUNT OF CLAIM (in dollars)

| 12a. PROPERTY DAMAGE | 12b. PERSONAL INJURY | 12c. WRONGFUL DEATH | 12d. TOTAL (Failure to specify may cause forfeiture of your rights.) |
|---|---|---|---|
| $2,000,000,000.00 | $2,000,000,000.00 | NA | $4,000,000,000.00 |

I CERTIFY THAT THE AMOUNT OF CLAIM COVERS ONLY DAMAGES AND INJURIES CAUSED BY THE ACCIDENT ABOVE AND AGREE TO ACCEPT SAID AMOUNT IN FULL SATISFACTION AND FINAL SETTLEMENT OF THIS CLAIM

| 13a. SIGNATURE OF CLAIMANT (See instructions on reverse side.) *Rodney Eugene Smith* | 13b. Phone number of signatory NA | 14. DATE OF CLAIM March 30, 2005 |
|---|---|---|

| CIVIL PENALTY FOR PRESENTING FRAUDULENT CLAIM | CRIMINAL PENALTY FOR PRESENTING FRAUDULENT CLAIM OR MAKING FALSE STATEMENTS |
|---|---|
| The claimant shall forfeit and pay to the United States the sum of $2,000. plus double the amount of damages sustained by the United States. (See 31 U.S.C. 3729.) | Fine of not more than $10,000 or imprisonment for not more than 5 years or both. (See 18 U.S.C. 287, 1001.) |

| 95-108 Previous editions not usable. | NSN 7540-00-634-4046 | STANDARD FORM 95 (Rev. 7-85) PRESCRIBED BY DEPT. OF JUSTICE 28 CFR 14.2 |
|---|---|---|



# U.S. Department Justice

*Civil Division, Torts Branch*
*Federal Tort Claims Act Staff*

---

Kimberly P. Smith
Paralegal Specialist

Post Office Box 888
Benjamin Franklin Station
Washington, D.C. 20044

Telephone: (202) 616-4233
Facsimile: (202) 616-5200

PJP:KPSmith:hls
157-0-32-47

June 16, 2005

Rodney Eugene Smith
#03898-088
FCC - Low
Unit C-3
Post Office Box 1031
Coleman, FL 33521-1031

Re:    Administrative Tort Claim of Rodney Eugene Smith

Dear Mr. Smith:

This is in response to the administrative tort claim dated March 30, 2005, which you presented to the U.S. Department of Justice. The Department of Justice received your claim on April 4, 2005.

Pursuant to 28 C.F.R. § 14.2(b)(1), a claim must be presented to the federal agency whose activities gave rise to the claim. In this case, the appropriate agency for evaluating the merits of your claim is the Administrative Office of U.S. Courts. Accordingly, I am forwarding your claim to that agency.

Please direct all further communication regarding your claim to the Administrative Office of U.S. Courts at the address listed below.

Very truly yours,

KIMBERLY P. SMITH
Paralegal Specialist
Torts Branch, Civil Division

cc:    Honorable William R. Burchill, Jr.
General Counsel
Administrative Office of U.S. Courts
1 Columbus Circle, N.E.
Suite 7-290
Washington, D.C. 20544

Rodney Eugene Smith
FCC, Low Unit C-3
P.O. Box 1031
Coleman, FL, 33521-1031

Ms Kimberly Smith, Paralegal
Tort Branch, Civil Division
P.O. Box 888
Benjamin Franklin Station
Washington, D.C., 20044

April 2, 2005

Re: Certified mail #'s 7003 3110 0002 1644 8934 regarding tort claim against
    Judge David A. Faber; 7003 3110 0002 1644 9009 regarding tort claim against
    Magistrate Judge Mary Feinberg.

Dear Ms Smith;

On March 31st, 2005, the aforementioned tort claims were mailed to your
tort branch.  I'm assuming you will handle those torts.

I believe the Exhibit to the COMMERCIAL AFFIDAVIT OF TRUTH to both torts were
forgotten.  Please attach the enclosed Exhibits to the COMMERCIAL AFFIDAVITS OF
TRUTH.

Your assistance would be appreciated.

Rodney Eugene Smith

## COMMERCIAL
## AFFIDAVIT OF TRUTH

State of Florida)
           ) ss
County of Sumter)

I, Rodney Eugene Smith, being first duly sworn, depose and say:

1. That I am the Secured Party/Creditor of the Debtor/RODNEY E or RODNEY EUGENE SMITH or any derivative thereof; and,

2. That as the Secured Party, I have a priority interest in protecting the property and property right(s) of both the Debtor and Secured Party; and,

3. That I am the Creditor/Principle holding claim and property lien interest in the Debtor and UNITED STATES DISTRICT COURT, SOUTHERN DISTRICT OF WEST VIRGINIA, Case # 01:01-00007. See attached UCC-1, Financing Statement, UCC-3 securing case # 01:01-00007, UCC Search, and UCC-3 Public Notice, attached; and,

4. That in February, 2001, then Judge David A. Faber failed in his ministerial duties to insure the accuracy of the record; such as, to insure that IRS agents were authorized to seek arrest, search and seizure warrants, that the real party of interest was the United States rather than the UNITED STATES OF AMERICA, that a requistion for extradition warrant and warrant of extradition was in place, among other, thus insuring that a "fraud upon the Court" was not presented by the Prosecuting Attorney; and,

5. As a result of Judge Faber's failure of ministerial duties, a sham trial occurred and Rodney Eugene Smith was falsely imprisoned; and,

6. That said damages are real and approximate as so enumerated on STANDARD FORM 95, in and for this private matter, Claim for Damage, Injury, attached herein, and damages set at four billion U.S. dollars ($4,000,000,000.00).

WHEREFORE, this Commercial Affidavit of Truth supports Claimants Tort Notice and Claim for damages and is true, correct, and certain.

Further Affiant Sayeth Naught.

                          _Rodney Eugene Smith_

Rodney Euegene Smith, Secured Party/Creditor,
Affiant, Claimant.

Subscribed and sworn before me in the name of YHWH this 30 day of March, 2005.

FCC Coleman, Florida  Sumter County

Subscribed and sworn before me this
30 day of March , 20 05

Case Manager

Authorized by the Act of July 7, 1955, as
amended, to administer oaths (18 USC§4004)



**U.S. Department** **Justice**

*Civil Division, Torts Branch*
*Federal Tort Claims Act Staff*

---

*Kimberly P. Smith*
*Paralegal Specialist*

*Post Office Box 888*
*Benjamin Franklin Station*
*Washington, D.C. 20044*

*Telephone: (202) 616-4233*
*Facsimile: (202) 616-5200*

PJP:KPSmith:hls
157-0-32-47

June 16, 2005

Honorable William R. Burchill, Jr.
General Counsel
Administrative Office of U.S. Courts
1 Columbus Circle, N.E.
Suite 7-290
Washington, D.C. 20544

Re:    Administrative Tort Claim of Rodney Eugene Smith

Dear Mr. Burchill:

The Department of Justice received the above-captioned administrative tort claim dated March 30, 2005, on April 4, 2005. Because the claim arises out of the activities of the General Services Administration, in accordance with 28 C.F.R. § 14.2(b)(1), I am forwarding the claim to your office for appropriate action. Claimant has been advised of the referral and requested to direct all further communication regarding the claim to your office.

Very truly yours,

PHYLLIS J. PYLES
Director
Torts Branch, Civil Division

Enclosures

cc:    Rodney Eugene Smith
       #03898-088
       FCC - Low
       Unit C-3
       Post Office Box 1031
       Coleman, FL 33521-1031

Rodney Eugene Smith
FCC, Low, Unit C-3
P.O. Box 1031
Coleman, FL, 33521-1031

Administrative Office of
the United States Courts
One Columbia Circle, N.E.
Washington, D.C., 20544

Date: March  , 2005

Claimant: Rodney Eugene Smith

Date of Loss: December 7, 2005

Notice of Tort Claim

Certified Mail:
7003 3110 0002 1644 9009
7003 3110 0002 1644 9009

Dear Sir/Madam:

Claimant, Rodney Eugene Smith, is the Secured Party/Creditor of the Debtor/
RODNEY E or RODNEY EUGENE SMITH, and herein files this Claim for Damages as a
matter of right, arising out of Chief Judge David A. Faber's failure to perform
his ministerial duty, which resulted in a sham trial, false imprisonment, assualt,
trespass, kidnapping, harassment, detriment of character/named defamed, obstruction
of justice, violation of due process, and breach of contract, violation of the
United States Constitution of 1789 A.D., and Article in Amendment II, IV, V, VI,
VIII, IX, and X thereto 1791 A.D.

The facts surrounding this claim are contained with the STANDARD FORM 95 and
the continuation sheets.

Rodney Eugene Smith demands the sum of four billion U.S. dollars ($4,000,000,
000.00) for his damages as set out in STANDARD FORM 95, as a result of the aforesaid
violations by Chief Judge David A. Faber.

Respectfully submitted

Rodney Eugene Smith, Secured Party

Sworn and subscribed before in the name of YHWY this 30 day of March, 2005.

FCC Coleman, Florida Sumter County

Subscribed and sworn before me this
30 day of March , 20 05

Case Manager

Authorized by the Act of July 7, 1955, as
amended, to administer oaths (18 USC§4004.)

| CLAIM FOR DAMAGE, INJURY, OR DEATH | *INSTRUCTIONS: Please read carefully the instructions on the reverse side and supply information requested on both sides of this form. Use additional sheet(s) if necessary. See reverse side for additional instructions. | FORM APPROVED OMB NO. 1105-0008 EXPIRES 5-31-05 |
|---|---|---|

| 1. Submit To Appropriate Federal Agency: Director of Tort Civil Division U.S. Dept. of Justice Washington, D.C., 20530 | Please send to: Administrative Office of the U.S. Courts One Columbia Circle NE Washington, D.C., 20544 | 2. Name, Address of claimant and claimant's personal representative, if any. (See instructions on reverse.) (Number, street, city, State and Zip Code) Rodney Eugene Smith FCC, Low, Unit C-3 P.O. Box 1031 Coleman, FL. 33521-1031 |
|---|---|---|

| 3. TYPE OF EMPLOYMENT MILITARY  CIVILIAN  NA | 4. DATE OF BIRTH 17/11/37 | 5. MARITAL STATUS M | 6. DATE AND DAY OF ACCIDENT February, 2001 | 7. TIME (A.M. OR P.M) NA |
|---|---|---|---|---|

**8. Basis of Claim** *(State in detail the known facts and circumstances attending the damage, injury, or death, identifying persons and property involved, the place of occurrence and the cause thereof) (Use additional pages if necessary.)* In February, 2001, Judge David A. Faber was assigned criminal case 01:01-00007 regarding RODNEY EUGENE SMITH. Claimant was previously arrested by West Virginia State Police on December 7, 2000, and turned immediately over to IRS agent Frank Klepadlo and another agent. This matter involves Chief Judge David A. Faber as a tort-feasor as he failed to perform his ministerial duties to insure the accuracy of the record. Furthermore, claimant had a claim against Faber which Faber was aware of, and should have immediately recused himself, as his bias became evident later on during trial. See continuation sheets. The Exhibits attached hereto are incorporated herein by reference as if fully contained herein and are true and correct.

**9. PROPERTY DAMAGE**

NAME AND ADDRESS OF OWNER, IF OTHER THAN CLAIMANT *(Number, street, city, State, and Zip Code)*

NA

BRIEFLY DESCRIBE THE PROPERTY, NATURE AND EXTENT OF DAMAGE AND THE LOCATION WHERE PROPERTY MAY BE INSPECTED. *(See instructions on reverse side)* As a result of Judge Faber failure to perform his ministerial duties, the Claimant is incarcerated and his II, IV, V, VI, VIII, IX, and X Articles in Amendment 1791 A.D. to the Constitution for the United States 1789A.D. have been violated.

**10. PERSONAL INJURY/WRONGFUL DEATH**

STATE NATURE AND EXTENT OF EACH INJURY OR CAUSE OF DEATH, WHICH FORMS THE BASIS OF THE CLAIM. IF OTHER THAN CLAIMANT, STATE NAME OF INJURED PERSON OR DECEDENT Claimant has suffered loss of liberty, enjoyment of life, false arrest, false imprisonment, assault, trespass, kidnapping, harassment, detriment of character/name defamed, obstruction of justice, violation of due process, breach of contract (Constitution of 1789 A.D. and Article in Amendment thereto 1791 A.D.), loss of companionship of wife of 48 years.

**11. WITNESSES**

| NAME | ADDRESS (Number, street, city, State, and Zip Code) |
|---|---|
| Eric Lee Jensen | FCC, Low, Unit B-2, P.O. Box 1031 Coleman, FL, 33521-1031 |
| Wayne Johnson | FCC, Low, Unit A-4, P.O. Box 1031 Coleman, Fl, 33521-1031 |

| 12. (See instructions on reverse) | | AMOUNT OF CLAIM (in dollars) | |
|---|---|---|---|
| 12a. PROPERTY DAMAGE $2,000,000,000.00 | 12b. PERSONAL INJURY $2,000,000,000.00 | 12c. WRONGFUL DEATH NA | 12d. TOTAL (Failure to specify may cause forfeiture of your rights.) $4,000,000,000.00 |

I CERTIFY THAT THE AMOUNT OF CLAIM COVERS ONLY DAMAGES AND INJURIES CAUSED BY THE ACCIDENT ABOVE AND AGREE TO ACCEPT SAID AMOUNT IN FULL SATISFACTION AND FINAL SETTLEMENT OF THIS CLAIM

| 13a. SIGNATURE OF CLAIMANT (See instructions on reverse side.) | 13b. Phone number of signatory NA | 14. DATE OF CLAIM March , 2005 |
|---|---|---|

| CIVIL PENALTY FOR PRESENTING FRAUDULENT CLAIM The claimant shall forfeit and pay to the United States the sum of not less than $5,000 and not more than $10,000, plus 3 times the amount of damages sustained by the United States. (See 31 U.S.C. 3729.) | CRIMINAL PENALTY FOR PRESENTING FRAUDULENT CLAIM OR MAKING FALSE STATEMENTS Imprisonment for not more than five years and shall be subject to a fine of not less than $5,000 and not more than $10,000, plus 3 times the amount of damages sustained by the United States.  (See 18 U.S.C.A. 287.) |
|---|---|

| ?-108 ... ... not usable | NSN 7540-00-634-4046 | STANDARD FORM 95 (Rev. 7-85) PRESCRIBED BY DEPT. OF JUSTICE 28 CFR 14.2 |
|---|---|---|

continuation sheet of STANDARD FORM 95, filed

1.   The United States Attorney for the United States in the United States District Court for Idaho, Case 93-405-E-EJL (1993) admitted that the Internal Revenue Service is not an agency of the United States. (see Exhibit 1)  Congress did not create a Bureau of Internal Revenue via the 1862 Act in which the Office of Commissioner of Internal Revenue was created.  The 1862 Act in which the Office of Internal Revenue was created, in reality created the offices of "assessor" and "collector", in addition to the Office of Commissioner.

2.   The Act of 1862 was abolished in 1871.  Therefore, Congress never met the requirements of Article I, § 8, clause 18 of the Constitution of 1789 A.D., so the IRS cannot legitimately enforce internal revenue laws of the U.S. in the States of the Union as there is no nexus to the Constitution.  (Also see the Statement of IRS organization at 39 Fed. Reg. 11572, 1974-1 Cum. Bul. 440, 37 Fed. Reg. 20960, and the Internal Revenue Service Manual 1100 through the 1997 edition.)

3.   Therefore, no internal revenue districts under IRS administrative enforcement jurisdiciton have been established in the States of the Union under authority of 26 U.S.C. § 7621 and Executive ORder # 10289, as amended.  (See 26 CFR 301.7621.1)  Therefore, IRS enforcement venue is restricted by 4 U.S.C., § 72.  (See 26 U.S.C., § 7601 et seq.)

4.   Those agents appointed as "assessors" and "collectors" under the 1862 Act continued to collect internal revenue with the States of the Union until the Internal Revenue Code of 1954.  The offices of assessor and collector were abolished via Reorganization Plan No. 26 of 1950.  The name of Bureau of Internal Revenue was changed to Internal Revenue Service via Treasury Order # 150-27, which was not published in the Federal register as mandated by the requirements of the Federal Register Act.  (See 44 U.S.C. §§ 1501 et seq., particularly § 1505(a).

5.   Congress has authorized the IRS as successor of the Bureau of Internal Revenue to administer Chapters 1, 2, and 3 of the Internal Revenue Code (IRC) in insular possessions of the United States via 26 U.S.C. § 7701(a)(12)(B).  Acts of the first civil governor of Porto Rico in May, 1900 and subsequent acts of the Porto Rico legislature, are published in Senate Documents beginning with the 1900 edition.  The original gubernatorial act and subsequent legislation established five different entities that through the years were merged to become the Bureau of Internal Revenue, Puerto Rico.  Acts of the first Puerto Rico (spelling changed) legislature are in the 1901 edition.  The continum is affirmed by the current 27 CFR § 250.11.  The term "revenue agent" is defined in 27 CFR § 250.11 as "Any duly authorized Commonwealth Internal Revenue Agent of the Department of the Treasury of Puerto Rico."

6.   Therefore, IRS Agents have no authority to ask for a search or arrest warrant within the Union of States.  F.R.CR.P. Rule 41(a) states in part:

"...upon the request of a federal law enforcement officer or an attorney for the government, a search warrant authorized by this rule may be issued (1) by a federal magistrate judge..."

7.   The C.F.R.'s dealing with the Department of Justice and the authority to request the issuance of search warrants under Rule 41 provide in relevant part:

continuation sheet of STANDARD FORM 95, filed

PART 60 — AUTHORIZATION OF FEDERAL LAW ENFORCEMENT
OFFICER TO REQUEST THE ISSUANCE

Sec. 60.1   Purpose

This regulation authorizes certain categories of federal law enforce-
ment officers to request the issuance of search warrants under Rule
41, F.R.CR.P., and lists the agencies whose officers are so authorized.
Rule 41(a) provides in part that a search warrant may be issued "upon
the request of a federal law enforcement officer," and defines the term
in Rule 41(h) as "any government agent...who is engaged in the enforce-
ment of the criminal laws and is within the category of officers
authorized by the Attorney General to request the issuance of a search
warrant." The publication of the categories and listing of the agencies
is intended to inform the courts of the personnel who are so authorized.
It should be noted that only in the very rare emergent case is the law
enforcement officer permitted to seek a search warrant without the
concurrence of the appropriate U.S. attorney's office..." 28 C.F.R. 60.1
(emphasis added)

8.   Under 28 C.F.R. 60.2, there are additional federal law enforcement
officers identified in subparagraphs (c) through (q) which deal with special agents
of various departments, etc.  It is significant to note that a special agent of
the Criminal Investigation Division of the IRS is not included.

9.   The relevant portion of 26 U.S.C. § 7608 — AUTHORITY OF INTERNAL REVENUE
OFFICERS — is subtitle (b) which is entitle "Enforcement of Laws Relating to
Internal Revenue other than Subtitle (e)."

subsection (b)(1):
"Any criminal investigator of the Intelligence Division of the Internal
Revenue Service whom the secretary charges with the duty of enforcing
any of the criminal provisions of the Internal Revenue laws, any other
criminal provisions of law relating to Internal Revenue for enforcement
of which the secretary is responsible, or any other law for which the
secretary has delegated investigatory authority to the Internal Revenue
Service, is, in the performance of his duties, authorized to perform
functions described in paragraph (2).

10.   The functions under paragraph (2) are to execute and serve search warrants
and arrest warrants in the territorial possessions.  There is no authorization
to make application for a search warrant or arrest warrant within the continential
U.S.  In fact, IRS agents are only authorized to execute warrants upon computerized
records within the territories.

11.   The Department of the Treasury is an administrative agency; it is not
the Treasury of the U.S. which was established while Congress was still convened
under the Articles of Confederation; but was established by Congress under the
Constitution via the act of September 2, 1789.  It has always been under Congress
supervision.  The Department of the Treasury has very little authority in the
Union of Several States.



Continuation Sheet of STANDARD FORM 95, filed

12. Public Law 105-206, July 22, 1998 gives the Treasury Inspector General for Tax Administration the duties to enforce the laws regarding the I.R.C. of 1986 and no other. The Secretary of the Treasury filed in the Federal Registry, vol. 64, No. 16, Tuesday, January 26, 1999, NOTICES, Treasury Order Number 115-01, authorizing the Office of Treasury Inspector General for Tax Administration to enforce criminal provisions of internal revenue laws.

13. The U.S. Government Manual 1998-1999 edition, the functional diagram of the Department of the Treasury, clearly shows the IRS as being excluded from the chain of command under the Secretary for Enforcemtn. Therefore, it is absolutely clear the IRS has no enforcement power, only investigative authority.

14. 26 CFR 1.274-5T(k)(6)(ii) states:

"Law Enforcement Officer - The term law enforcement officer means an individual who is employed on a full-time basis by a governmental unit that is responsible for the prevention or investigation of crime involving injury to persons or property (including apprehension or detention of persons for such crimes), who is authorized by law to carry firearms, execute search warrants, and to make arrests (other than merely a citizen's arrest), and who regularly carries firearms (except when it is not possible to do so because of the requirements of undercover work.) The term law enforcement officer may include an arson investigator if the investigator otherwise meets the requirements of this paragraph (k)(6)9ii), but does not include Internal Revenue Service Special Agents." (emphasis added)

15. In the case United States V Providence Journal Co., 485 U.S. 693, 99 L.Ed.2d 785, 108 S.Ct. 1502 (1988) the court established the principle that the court lacks jurisdiction over an action commenced on behalf of the government by a person not "authorized" to do so.

16. Referring back to paragraph 7, there is no record in the court's docket to indicate that the IRS obtained authority from the U.S. attorney to seek arrest and search warrants.

17. In the application for the search warrant, IRS Agent Jason L. Gandee identifies himself as a "Special Agent, Criminal Investigation, Internal Revenue Service." (See Exhibit 2.) and (Exhibit 2A).

18. On April 23, 2004, Claimant sent the U.S. and Assistant U.S. Attorney's a Private Administrative Claim, Proofs of Claim, in which the U.S. Attorney's admitted by "tacit procuration" to questions presented therein. See page 11, questions 66, 67, 68, 69; page 12, question 71, and 72. See Exhibit 3. A Proof of Claims was also sent to Judge David A. Faber, who also by "tacit procuration" agreed with Claimant.

19. Furthermore, neither the IRS nor the U.S. Government had an agreement with the West Virginia State Police or the West Virginia Government to perform any task for the IRS or the U.S. Government in violation of Title 5 U.S.C., §§

Continuation Sheet of STANDARD FORM 95, filed

---

3372 and 3374.

20.  On August 3, 2004, Claimant sent a Freedom of Information request to the West Virginia State Police asking for the agreement between the State Police or the State of West Virginia and the IRS or U.S. Government.  Several letters were exchange but the State Police would not produce the requested information.  Claimant then filed a Motion with Monroe County Circuit Court for an order to have the State Police produce the requested information.  The Motion was ordered by Judge Irons, Monroe County Circuit Court, to be forwarded to the Kanawha County Circuit Court. See Exhibit 4.

21.  On October 20, 2004 Col Hill, Superintendent of West Virginia State Police received a Notice of Request for Proofs of Claims requesting answer concerning the agreement between the State Police and the U.S. Government or IRS, to which no response was received.  On November 5, 2004, Hill received a Notice of Acceptance of Admissions/Notice of Non-Response and was given three additional days to cure, again no response.  On November 15, 2004, Hill received a Notice of Private Administrative Judgment by Default in which Hill admitted by "tacit procuration" that the State Police had no agreement with the U.S. Government or the IRS. See the following cases in support of Title 5 U.S.C., §§ 3372 and 3374: Bordeaux v Lynch, 958 F.Supp. 84 (N.D.N.Y., 1997); Dry v United States, 235 F.3d 1258 (10th Cir. 2000); United States v Del Torro, 513 F.2d 656 (1975); United States v Torres, 862 F.2d 1025 (3rd Cir. 1988); United States v Navarro, 959 F.Supp. 1273 (E.D. Cal. 1997); and Anderson v Government of Virgin Islands, 199 F.Supp.2d 269, 275 (D.V.I. 2002).  See Exhibit 5.

22.  The State Police cannot/could not provide "voluntary service." See Navarro, note 9 (1997 case)

23.  In addition, the State Police had to be "deputized" by a U.S. Marshall which given the facts herein, the State Police were not deputized. See United State v Diamond, 53 F.3d 249, 251 (9th Cir. 1995); United States v Martin, 163 F.3d 1212, 1215 (10th Cir. 1998) wherein United States v Feola, 420 U.S. 671, 679, 95 S.Ct. 1255, 43 L.Ed.2d 541 (1975) is cited; and Tyson v Willaver, 289 F.S.2d 190, 192, n 1, (D.Conn. 2003).

24.  Also see Exhibit 6 wherein the Governor was asked for the aforesaid agreement, and Exhibit 7 wherein the Governor received an Administrative Demand for Proof of Claims to which no response was received.

25.  As a result of the foregoing, the investigation by the West Virginia State Police on behalf of the IRS, and the arrest of Claimant on behalf of the IRS, was unlawful and illegal, and therefore the incarceration is unlawful and illegal.

26.  In addition, even if the search and seizure warrant would have been lawfully obtained, the search & seizure warrant presented to my wife, Bonnie Lee Smith, did not have an affidavit affixed to she could determine what was to be searched and seized.  In addition, she opened our safe up under cocercion when the FBI agent told her that the safe would be removed and opened by them later. See Exhibit 8.

Continuation Sheet of STANDARD FORM 95

27. Therefore, based on the information contained in paragraphs 1 through 18, the warrants should have never been issued.

28. Furthermore, the alleged codes on the application for said warrants did not display an Implementing Regulation pursuant to Title 44 U.S.C., §§ 1500 et seq. which gives the statute force and affect of law.

29. In addition, the complaints and warrants were in the name of the UNITED STATES OF AMERICA. There is no statutory law, rules of court, or constitutional provisions authorizing the "party in interest" to be the UNITED STATES OF AMERICA.

30. The original Judiciary Act of September 24, 1789 A.D., § 9, 1 Stat. 76 states:

"And it be further enacted, that the district court(s) shall have, exclusively of the courts of the several States, cognizance of all crimes and offences that shall be cognizable under the authority of the United States. (emphasis added).

31. And in more recent times Title 28 U.S.C., § 732, 1934 edition; Title 18 U.S.C., § 80, 1940 edition; recent Title 26 U.S.C., § 7402; and Title 18 as shown below:

"section 2 - Principals

(a) Whoever commits an offense against the United States or aids,..."

(b) Whoever willfully causes an act to be done which if directly performed by him or another would be an offense against the United States,..."

section 3 - "...offense against the United States..."

32. And the Federal Rules of Civil Procedure 17(a) states in part:

"...prosecute by the "real party in interest.""

"..., an action for the use or benefit of another shall be brought in the name of United States."

33. The Supreme Court Digest under the "United States," page 770, is titled VIII ACTION FOR SUITS, (A) BY UNITED STATES. Section 93's topic is the "Right or Capacity of United States to sue." No where is the UNITED STATES OF AMERICA shown to have the capacity to sue or be sued.

34. There was never a "requisition for extradition" sent to the Governor of West Virginia for his review and approval by the U.S. prosecuting attorney.

35. The United States Supreme Court in New Mexico v Reed, (1998) 524 U.S. 151, 141 L.Ed.2d 131, 118 S.Ct. 1860 stated:

Continuation Sheet of STANDARD FORM 95

"A person charged in any State with Treason, Felony, or other crime, who shall flee from Justice, and be found in another State, shall on demand of the executive Authority of the State from which he fled be delivered up, to removed to the State having jurisdiction of the Crime" Article IV, § 2, cl 2.

The Extradition Act, 18 USC, § 3182 [18 USCS, § 3182] provides the procedure by which this constitution command is carried out.

In Michigan v Doran, 439 U.S. 282, 58 L.Ed.2d 521, 995 S.Ct. 530 (1978) we said:

"Once the Governor has granted extradition, a court considering release on habeas corpus can do no more than decide (a) whether the extradition documents on their face are in order; (b) whether the petitioner has been charged with a crime in the demand state; (c) whether the petitioner is the person named in the request for extradition; and (d) whether the petitioner is a fugitive. These are the historic facts readily verifiable. Id at 289, 58 L.Ed.2d, 99 S.Ct. 530.""

36.  The High Court went on to comment on the history of extradition on page 135.

"but as long ago as Kentucy v Dennison, 24 How 66, 16 L.Ed. 717 (1861), we held that the duty imposed by the Extradition Clause on the asylum State was mandatory.  In Puerto Rico v Bannstad, 483 U.S. 219, 227, 97 L.Ed.2d 187, 107 S.Ct. 2082 (1987), we reaffirmed "the conclusion that the commands of the Extradition Clause are mandatory, and afford no discretion to the executive officers or the courts of the asylum State."  And in California v Superior Court of Ca., San Bernadio City, 482 U.S. 400, 405, 406, 96 L.Ed.2d 332, 707 S.Ct. 2433 (1987) we said:
"The Federal Constitution places certain limits on the sovereign powers of the States, limits that are an essential part of the Framers' conception of the national identity and Union.  One such limit is found in Article IV, § 2, cl. 12, the Extradition Clause: [text of clause omitted]."

37.  The Supreme Court in Michigan supra, page 527, L.Ed.2d 58 stated:

"Interstate extradition was intended to ba summary and mandatory executive proceeding derived from the language of Art IV, § 2, cl 2, of the Constitution.  Biddinger supra, at 132, 62 L.Ed 193, 38 S Ct 41; In Strauss, 197 US 324, 332, 49 L Ed 774, 25 S Ct 535 (1905); R. Hurd, A Treatise on the Right of Personal Liberty and the Habeas Corpus 598 (1858)."

Page 528 - "We hold that once the governor of the asylum state has acted on a requistion for extradition based on the demanding states's judicial determination that probable cause existed, no further judicial inquiry may be had on that issue in the asylum state."

Continuation Sheet of STANDARD FORM 95

---

38.  The Supreme Court in Pacileo v Walker, 449 U.S. 86, 66 L.Ed.2d 304, 305, 101 S.Ct. 308 in the headnote in 66 L.Ed.2d at 305 stated:

":...once the governor of the asylum state has issued a warrant for arrest and rendition in response to the request of the demanding state's governor,..."

39.  The High Court has also stated that the history virtually remained the same throughout our history regarding extraditions. Michigan supra, 526, 58 L.Ed.2d:

"To implement this provision of the Constitution, see Innes v Tobin, 240 US 127,131, 60 L.Ed. 562, 36 S.Ct. 290 (1916); Prigg v Pennslyvania, 16 Pet 539, 617,10 L.Ed. 1060 (1842),..."

Also see note 6 at bottom of page 526.

6.  Section 3182 remains virtually unchanged from the original version enacted in 1793.  1 Stat 302.  See also Rev Stat § 5278; 18 USC § 662 (1940 ed)(18 USCS § 662).

40.  The Court in Puerto Rico v Branstad, 483 US 219,97 L.Ed.2d 187, 195, 107 S.Ct. 2802 confirmed the history of the extradition with the following:

"The fundamental premise of the holding in Dennison - "that the State and the Federal Government in all circumstances must be viewed as coequal sovereigns - is not representative of the law today."" FERC V Mississippi, 456 US 742, 761, 72 L.Ed.2d 532, 102 S.Ct. 2126 (1982).

[1b]  Yet, with respect to extradition, the law has remained as it was more than a century ago."

41.  The Fourth Amendment concept in the Extradition context is brought out in a seperate opinion in Michigan v Doran, 439 US 282, 58 L.Ed.2d 521, 99 S.Ct. 530 pages 528 through 533 in L.Ed.2d.  And on page 527 it states:

"A governor's grant of extradition is prima facie evidence that the constitutional and statutory requirements have been met."

42.  Furthermore, Judge Faber was aware of a claim against him by claimant months before the case was ever assigned to him.  (See Exhibit   ).  In addition, there was no effective assistance of counsel at the initial hearing, or the initial indictment hearing. See Aetna Life V Lavoie, US Ala 1986, 106 S.Ct. 1580,475 U.S. 813, 89 L.Ed.2d 823; Liljeberg v Health Services, 486 U.S. 847, 100 L.Ed.2d 855, 108 S.Ct. 2194 (1988); and Liteky  v United States, 510 U.S. 540, 548,114 S.Ct. (1994).

43.  The U.S. Supreme Court held in Rose v Clark, 478 U.S. 570, 92 L.Ed.2d 460, 470, 106 S.Ct. 3101 that a court must provide an unbiased judge and effective counsel for defendant.

";...Tumey v Ohio, 273 US 510, 71 L Ed 749, 47 S Ct 437, 5
Ohio L Abs 159, 5 Ohio L Abs 185, 50 ALR 1243 (1927) (adjud-
dication by biased judge). This limitation recognizes that
some errors necessarily render a fair trial fundamentally
unfair. Tumey v Ohio, supra, with counsel to help the accused
defend against the State's charge, Gideon v Wainwright, supra.
Compare Holloway v Arkansas, 435 US 475, 488-490, 55 L Ed 2d
426, 98 S Ct 1173 (1978), with Cuyler v Sullivan, 446 US 335,
348,350, 64 L Ed 2d 333, 100 S Ct 1708 (1980). Without these
basic protections, a criminal trial cannot reliably serve its
function as a vehicle for determination of guilt or innocence,
see Powell v Alabama, 287 US 45, 77 L Ed 158, 53 S Ct 55, 84
ALR 527 (1932), and no criminal punishment may be regarded as
fundamentally fair.

44. In addition, the evidence used at trial, for the most part, was tainted,
because the West Virginia State Police assisted the Government with the investigation,
arrest, and the search and seizure of claimant's property. Thus the "Fruit of
the Poisonous Tree Doctrine" applies.

45. The "good faith" exceptions set forth in United States v Leon, (1984)
82 L.Ed.2d 677 does not apply because the magistrate judge was misled by the IRS
agents when: 1/ Jason L. Gandee identified himself as a "Special Agent, Criminal
Investigation, Internal Revenue Service" (IRS Special agents are not "law enforce-
ment officer), 2/ that the affidavit failed to show first hand knowledge, 3/ that
the knowledge was gained by an unlawful investigation and undercover operation by
the West Virginia State Police for the IRS or US Government making any evidence
uncovered or seized, the fruits thereof derivative, 4/ fails to name any informant
having any knowledge of any alleged crimes being committed, and 5/ the Search and
Seizure warrant was not directed to a "law enforcement officer."

46. Claimant's reasonable expectation of privacy as guaranteed by the IV
Article in Amendment 1791 A.D. was violated and includes property which was seized.
See Katz v United States, 389 U.S. 347 (1967), and Mapp v Ohio, 367 U.S. 643 (1961).
Although claimant's land may be accessible to the public, he had a reasonable ex-
pectation of preserving this area as private and consitutionally protected under
the IV Article in Amendment. See Lanza v New York, 370 U.S. 139 (1962); Rakas v
Illinois, 58 L.ED.2d 387 (1978).

47. Evidence obtained as a result of illegal search or leads to additional
evidence is tainted and will have to be suppressed. See Silverthorne Lumber Co. v
United States, 251 U.S. 384 (1920); Wong Sun v United States, 371 U.S. 471 (1963).
The Government made an illegal intrusion on Claimant's property and based their
fatally defective affidavit for search on prior derivative evidence. See State v
Williams, 55 O.S.2d 82, 377 N.E.2d 1013 (1978).

48. "If an officer unlawfully intrudes into a consitutionally protected
area and thereafter notices contraband in plain view or discovers facts
to establish probable cause, the evidence is illegally obtained." See
Taylor v United States, 286 U.S. 1 (1932), and Johnson v United States,
333 U.S. 10 (1948)."

49. The West Virginia State Supreme Court reflects the U.S. Supreme Courts opinion by stating:

> "Arrest cannot be justified by fruits of illegal search nor can search be justified by what it produces. USCA Constitution Amendment 4, West Virginia Constitution Article 3 § 6, <u>State v Moore</u>, 1980, 272 S.E.2d 804,165 WVa. 837."

50. After Claimant's removal from the arrest scene, Federal agents made an unannounced entry absent exigent circumstances onto Claimant's property, and presented Claimant's wife with a Search and Seizure warrant <u>absent</u> the Affidavit. Movant's wife did not know nor could have known what was to be searched or seized; nor could the agents have known what was to be searched or seized. <u>Sabbath v United States</u>, 391 U.S. 585 (1968); <u>Miller v United States</u>, 78 S.Ct. 1190 (1958).

51. When a Government agent under a warrant announces in effect that the occupant has no right to resist the search. This stipulation is instinctive with coercion, where there is coercion there cannot be consent.
Claimant's wife was just recovering from a fall which resulted in a mild concussion, and when she saw the black suited agents with their weapons, she was terrified. She opened the door for the, but under duress and coercion. <u>Bumper v North Carolina</u>, 391 U.S. 543; <u>United States v Leary</u>, 846 F.2d 592 (10th Cir. 1988).

52. Without an affidavit affixed to the search and seizure warrant, the officer grossly exceed the scope of the warrant, and all evidence must be suppressed. <u>United States v Snow</u>, 919 F.2d 1458 (10th Cir. 1988); <u>United States v Schmidt</u>, 947 F.2d 362 (9th Cir. 1991). Also <u>Warden of Wyoming State Pen.</u>, 401 U.S. 560.

53. Judge Faber had the duty/obligation to insure that the entire process that occurred was in accord with the requirement of the law and Constitution 1789 A.D.

> "The power of the federal courts extends to policing the requirements of Federal Rules of Criminal Procedure governing searches and seizures and making sertain that they are observed. <u>Rea v United States</u>, 350 U.S. 214, 100 L.Ed.2d 233, 76 S.Ct. 292."

54. Claimant prays that the "tainted evidence" be considered to establish his claim.

> "Rights assured by the Fourth Amendment are personal rights, and may be enforced by exclusion of evidence only at the instance of one whose own protection was infringed by the search and seizure. <u>Simmons v United States</u>, 390 U.S. 377, 19 L.Ed.2d 1247, 88 S.Ct. 967."

55. Judge Faber had the opportunity to prevent the miscarriage of justice but neglected to perform his ministerial duty when Claimant filed a Petition on December 27, 2004; Claimant filed a Petition noticing the Court of the lack of agreement between the West Virginia State Police and the U.S. Government, the lack of a "requistion for extradition" to the Governor, the lack of "warrant for extradition, the inability to bring charges in the name of the UNITED STATES OF AMERICA, among others. Judge Faber did not recuse himself until February 3, 2005.

Continuation Sheet of STANDARD FORM 95

56.  The Prosecuting Attorney and Judge Faber are both in agreement with Claimant that Case 01:01-00007 was unlawful.  See paragraph 18 page 3.

57.  Consequently, there was no subject matter or personam jurisdiction over either RODNEY E or RODNEY EUGENE SMITH or Rodney Eugene Smith/Secured Party/Creditor.

58.  In letters to the Prosecutor, Assistant U.S. Attorney Karen George, and the Executive Office for U.S. Attorneys, FOIA/PA, both dated June 25, 2003, Claimant asked for "Prosecutive Memoranda" regarding Case No. 01:01-00007.  U.S. Attorney Kasey Warner, Charleston, WV, responded to said letter on July 8, 2003, and advised where to send a FOIA/PA request.  He did not deny that a "prosecutive Memoranda" was needed to prosecute case 01:01-00007.  A request was also sent to the National Archives and Record Administration who responded by stating they had no such documents. See Exhibit 10.

59.  The only evidence provided by the DOJ was a proposed "indictment" with an "Indictment Review Cover Sheet" with an alleged signature dated 12-28-00, with no seal or stamp or signature block showing who or what department allegedly approved the Indictment Review Cover Sheet.

60.  Therefore, there is no "Prosecutive Memoranda" signed by an approved official from the DOJ to prosecute RODNEY EUGENE SMITH or Rodney Eugene Smith. If the Prosecutive Memoranda was not required, the U.S. Attorney should have responded that the Prosecutive Memoranda was not required based on whatever law, rule, or code supported the fact that the Prosecutive Memoranda was not required. Therefore, the only conclusion is that the "Prosecutive Memoranda" was required, but not obtained.

61.  As to the income tax charge, DOJ Directive 52 requires that a Form 9131 be approved to prosecute revenue charges.  There is no Form 9131 on the record.

62.  Consequently, there was no subject matter or personam jurisction over either RODNEY E or EUGENE SMITH, or Rodney Eugene Smith/Secured Party/Creditor.

63.  The Prosecuting Attorney and Judge Faber are in agreement with Claimant as evidenced in Exhibit 3, paragraph 18.

Rodney Eugene Smith
FCC, Low, Unit C-3
P.O. Box 1031
Coleman, Fl, 33521-1031

Kimberly P. Smith, Torts Branch
Civil Division, DOJ
P.O. Box 888, Franklin Sta.
Washington, D.C., 20044

*Cert mail: 7005 0390 0000 8160 9998*

June 23, 2005

Re:  Your letter Dated March 10, 2005.

Dear Ms. Smith:

The attached Amended SF-95 has been forwarded to the following:

Kasey Warner, US Attorney
P.O. Box 1713
Charleston, WV, 25326

Gerald Auerbach
Acting General Counsel
U.S. Marshals Service
600 Army Navy Drive, Suite 1200 CSQ3
Arlington, VA, 22202-4210

Tom Britton, Claims Manager
General Legal Services IRS
95 L'Enfant Plaza, S.W.
Washington, D.C., 20024

Sincerely

Rodney Eugene Smith



| U.S. Postal Service™ | | |
| --- | --- | --- |
| **CERTIFIED MAIL™ RECEIPT** | | |
| (Domestic Mail Only; No Insurance Coverage Provided) | | |
| For delivery information visit our website at www.usps.com® | | |
| Postage | $ | .60 |
| Certified Fee | 2.30 | |
| Return Receipt Fee (Endorsement Required) | | Postmark Here |
| Restricted Delivery Fee (Endorsement Required) | | |
| Total Postage & Fees | $ | 2.90 |
| Sent To KIMBERLY SMITH TORT CLAIMS | | |
| Street, Apt. No.; or PO Box No. P.O.Box 888 | | |
| City, State, ZIP+4 WASH. D.C. 20044 | | |

7005 0390 0000 8160 9998

*Exhibit 3*

| CLAIM FOR DAMAGE, INJURY, OR DEATH | INSTRUCTIONS: Please read carefully the instructions on the reverse side and supply information requested on both sides of this form. Use additional sheet(s) if necessary. See reverse side for additional instructions. | FORM APPROVED OMB NO. 1105-0008 EXPIRES 3-31-91 |
|---|---|---|

| 1. Submit To Appropriate Federal Agency: (AMENDED) | 2. Name, Address of claimant and claimant's personal representative, if any. (See instructions on reverse.) (Number, street, city, State and Zip Code) |
|---|---|
| Claims Division, Director of Torts Civil Division U.S. Department of Justice Washington, D.C., 20530 | Rodney Eugene Smith FCC, Low, Unit C-3 P.O. Box 1031 Coleman, FL, 33521-1031 |

| 3. TYPE OF EMPLOYMENT ☐ MILITARY ☐ CIVILIAN NA | 4. DATE OF BIRTH 17/11/37 | 5. MARITAL STATUS M | 6. DATE AND DAY OF ACCIDENT Dec. 7, 2000 | 7. TIME (A.M. OR P.M.) 8:30AM |
|---|---|---|---|---|

8. Basis of Claim (State in detail the known facts and circumstances attending the damage, injury, or death, identifying persons and property involved, the place of occurence and the cause thereof) (Use additional pages if necessary.) On December 7, 2000, claimant, Rodney Eugene Smith, was arrested on a West Virginia State dirt road approximately one mile from his house by West Virginia State Police and turned immediately over to IRS agents. This matter involves U.S.D.C., Bluefield WV, case 01:01-00007. This matter involves US Attorney Karen George and her associates as tort-feasors as they failed in their administrative/ministerial duties to insure due process was correct, that the face of the record was correct in "binding directives" as required by Congress. See Continuation of SF-95 on continuation sheets. The Exhibits attached hereto are incorporated herein by reference as if fully contained herein and are true, correct, and complete. For "binding directives" see Loughlin v U.S., 393 F3d 155 (D.C. Cir. 2004). The continuation SF95 sheets remain the same.

| 9. PROPERTY DAMAGE |
|---|

NAME AND ADDRESS OF OWNER, IF OTHER THAN CLAIMANT (Number, street, city, State, and Zip Code)
NA

BRIEFLY DESCRIBE THE PROPERTY, NATURE AND EXTENT OF DAMAGE AND THE LOCATION WHERE PROPERTY MAY BE INSPECTED. (See instructions on reverse side.) As a result of the Attorneys failure to insure that "binding directives" Title 5, §§ 3372/3374, Title 18, § 3182, and other directives mentioned in the SF95 continuation sheets were complied with, claimant has suffered as noted in block 10.

| PERSONAL INJURY/WRONGFUL DEATH |
|---|

STATE NATURE AND EXTENT OF EACH INJURY OR CAUSE OF DEATH, WHICH FORMS THE BASIS OF THE CLAIM. IF OTHER THAN CLAIMANT, STATE NAME OF INJURED PERSON OR DECEDENT. Claimant has suffered loss of liberty, loss of property, loss of enjoyment of life, pursuit of happiness, loss of companship of wife of 48 years, loss of family relationship, right to due process of law, kidnapping, abuse of process, assault and battery, false arrest/imprisonment, unlawful search and seizure.

| 11. WITNESSES | |
|---|---|
| NAME | ADDRESS (Number, street, city, State, and Zip Code) |
| Eric Lee Jense | FCC, Low, Unit B-2, P.O. Box 1031 Coleman, FL, 33521-1031 |
| Wayne Johnson | FCC, Low, Unit A-4, P.O. Box 1031 Coleman, FL, 33521-1031 |

| 12. (See instructions on reverse) AMOUNT OF CLAIM (in dollars) | | | |
|---|---|---|---|
| 12a. PROPERTY DAMAGE | 12b. PERSONAL INJURY | 12c. WRONGFUL DEATH | 12d. TOTAL (Failure to specify may cause forfeiture of your rights.) |
| $1,000,000,000.00 | $1,000,000,000.00 | NA | $2,000,000,000.00 |

I CERTIFY THAT THE AMOUNT OF CLAIM COVERS ONLY DAMAGES AND INJURIES CAUSED BY THE ACCIDENT ABOVE AND AGREE TO ACCEPT SAID AMOUNT IN FULL SATISFACTION AND FINAL SETTLEMENT OF THIS CLAIM

| 13a. SIGNATURE OF CLAIMANT (See instructions on reverse side.) *Rodney Eugene Smith* | 13b. Phone number of signatory NA | 14. DATE OF CLAIM Jan. 11, 2005 |
|---|---|---|

| CIVIL PENALTY FOR PRESENTING FRAUDULENT CLAIM | CRIMINAL PENALTY FOR PRESENTING FRAUDULENT CLAIM OR MAKING FALSE STATEMENTS |
|---|---|
| The claimant shall forfeit and pay to the United States the sum of $2,000. plus double the amount of damages sustained by the United States. (See 31 U.S.C. 3729.) | Fine of not more than $10,000 or imprisonment for not more than 5 years or both. (See 18 U.S.C. 287, 1001.) |

95-108
Previous editions not usable.

NSN 7540-00-634-4046

STANDARD FORM 95 (Rev. 7-85)
PRESCRIBED BY DEPT. OF JUSTICE
28 CFR 14.2



**U.S. Department of Justice**

*Civil Division, Torts Branch*
*Federal Tort Claims Act Staff*

---

*Kimberly P. Smith*
*Paralegal Specialist*

PJP:KPSmith:hls
157-16-NEW

*Post Office Box 888*
*Benjamin Franklin Station*
*Washington, D.C. 20044*

*Telephone: (202) 616-4233*
*Facsimile: (202) 616-5200*

March 10, 2005

Rodney Eugene Smith
#03898-088
Federal Correctional Complex
Low, Unit C-3
Post Office Box 1031
Coleman, FL 33521-1031

Re:    Administrative Tort Claim of Rodney Eugene Smith

Dear Mr. Smith:

The administrative tort claim dated January 11, 2005, which you presented to the Department of Justice on January 18, 2005, was referred to this office for handling.

Your claim has been assigned to me for handling. As soon as I have reviewed the material, I will contact you. Should you have any questions in the interim, please feel free to contact me at the following address:

**Kimberly P. Smith**
**Paralegal Specialist**
**Torts Branch, Civil Division**
**United States Department of Justice**
**P. O. Box 888**
**Benjamin Franklin Station**
**Washington, D.C. 20044.**

Very truly yours,

KIMBERLY P. SMITH
Paralegal Specialist
Torts Branch, Civil Division

cc w/encls:    Honorable Karl K. Warner, II
United States Attorney
Southern District of West Virginia
Post Office Box 1713
Charleston, WV 25326

Honorable Gerald Auerbach
Acting General Counsel
United States Marshals Service
Suite 1200 CSQ3
600 Army Navy Drive
Arlington, Virginia 22202-4210

Tom Britton
Claims Manager
General Legal Services
Internal Revenue Services
95 L'Enfant Plaza, S.W.
Washington, D.C. 20024



Rodney Eugene Smith
FCC, Low, Unit C-3
P.O. Box 1031
Coleman, FL, 33521-1031

Claims Division
Director of Tort
Civil Division
Department of Justice
Washington, D.C., 20530

_7003 3110 0002 1644 9023_

Date: January //, 2005.

Notice of Tort Claim

Claimant: Rodney Eugene Smith

Certified Mail No:
7003 3110 0002 1644 9023

Date of Loss: On or about December 7, 2000

Dear Sir/Madam:

Claimant, Rodney Eugene Smith, is the Secured Party/Creditor of the Debtor/
RODNEY E or EUGENE SMITH, and herein files this <u>Claim for Damages</u> as a matter of
right, arising out of the United States Attorney's office 300 Virginia Street,
East, Charleston, West Virginia that prosecuted the Secured Party under color of
law and authority in violation of the Constitution for the United States 1789 A.D.
and the Articles in Amendment 1791 A.D. thereto.

The facts surrounding this claim are contained within the STANDARD FORM 95
and the continuation sheets.

Rodney Eugene Smith demands the sum of two billion U.S. dollars ($2,000,000,
000.00) for his damages, as set out in STANDARD FORM 95, as a result of the
aforesaid violations my the United States Attorney's office.

Respectfully submitted,

_Rodney Eugene Smith_

Rodney Eugene Smith, Secured Party/
Claimant

Subscribed and sworn before me this _//_ day of January, 2005.

FCC Coleman, Florida  Sumter **County**

Subscribed and sworn before me this
_11Th_ day of _____, 20__.

_____
Case Manager

Authorized by the Act of July 7, 1955, as
amended, to administer oaths (18 USC§4004.)

COMMERCIAL
AFFIDAVIT OF TRUTH

State of Florida)
                 )  ss
County of Sumter)

I, Rodney Eugene Smith, being first duly sworn, depose and say:

1.  That I am the Secured Party/Creditor of the Debtor/RODNEY E or EUGENE SMITH, or any derivative thereof; and,

2.  That as the Secured Party, I have a priority interest in protecting the property and property right(s) of both the Debtor and Secured Party; and,

3.  That I am the creditor/principle holding claim and property lien interest in the Debtor and UNITED STATES DISTRICT COURT, SOUTHERN DISTRICT OF WEST VIRGINIA, Case # 01:01-00007.  See attached UCC-1 Financing Statement, UCC-3 securing case # 01:01-00007, UCC search, and UCC-3 Public Notice attached.

4.  That on or about December 7, 2000, the United States Attorney's office, 300 Virginia Street, East, Charleston, West Virginia began prosecuting case 01:01-00007 against RODNEY EUGENE SMITH, but had the Secured Party, Rodney Eugene Smith, in custody and prosecuted Smith under color of authority of law and office in violation of the Constitution for the United States 1789 A.D. and the Articles in Amendment thereto 1791 A.D.

5.  As a result of the United States Attorney's office failure of ministerial/ administrative duties to insure the procedures to arrest, search, indict, etc., and that the record on its face was lawful, Rodney Eugene Smith had to endure a sham trial and was falsely imprisoned; and,

6.  That said damages are real and approximate as so enumerated on STANDARD FORM 95, in and for this private matter, Claim for Damage, Injury, attached herein, and damages set at two billion U.S. dollars ($2,000,000,000.00).

WHEREFORE, this Commercial Affidavit of Truth supports Claimants Tort Notice and Claim for damages and is true, correct, and certain.

Further Affiant Sayeth Naught.

_____
Rodney Eugene Smith, Secured Party/Creditor
Affiant, Claimant

Subscribed and sworn before me this _11_ day of January, 2005 FCC Coleman, Florida  Sumter County

Subscribed and sworn before me this
_11_ day of _Jan_, 2005

_____
Case Manager

Authorized by the Act of July 7, 1955, as
amended, to administer oaths (18 USC§4004.)

| CLAIM FOR DAMAGE, INJURY, OR DEATH | INSTRUCTIONS: Please read carefully the instructions on the reverse side and supply information requested on both sides of this form. Use additional sheet(s) if necessary. See reverse side for additional instructions. | FORM APPROVED OMB NO. 1105-0008 EXPIRES 5-31-05 |
|---|---|---|

| 4. Submit To Appropriate Federal Agency: | 2. Name, Address of claimant and claimant's personal representative, if any. (See Instructions on reverse). (Number, street, city, State and Zip Code) |
|---|---|
| Claims Division Director of Tort Civil Division U.S. Department of Justice Washington, D.C. 20530 | Rodney Eugene Smith FCC, Low, Unit C-3 P.O. Box 1031 Coleman, FL, 33521-1031 |

| 3. TYPE OF EMPLOYMENT | 4. DATE OF BIRTH | 5. MARITAL STATUS | 6. DATE AND DAY OF ACCIDENT | 7. TIME (A.M. OR P.M.) |
|---|---|---|---|---|
| MILITARY  CIVILIAN  NA | 17/11/37 | M | Dec. 7, 2000 | 8:30A.M. |

8. Basis of Claim (State in detail the known facts and circumstances attending the damage, injury, or death, identifying persons and property involved, the place of occurrence and the cause thereof.) (Use additional pages if necessary.) On December 7, 2000, the Secured Party, Rodney Eugene Smith, was arrested on West Virginia State dirt road approximately one mile from his house by West Virginia State Police and turned immediately over to IRS agents. This matter involves U.S.D.C. Bluefield,WV, case # 01:01-00007. This matter involves US Attorney Karen George and her associates as tort-feasors as they failed in their administrative/ministerial duties to insure due process was correct, that the face of the record was correct in statutory and constitutional law. See continuation of SF-95 on continuation sheets. The Exhibits attached hereto are incorporated herein by reference as if fully contained herein and are true, correct, and complete.

| 9. PROPERTY DAMAGE |
|---|
| NAME AND ADDRESS OF OWNER, IF OTHER THAN CLAIMANT (Number, street, city, State, and Zip Code) |
| NA |

BRIEFLY DESCRIBE THE PROPERTY, NATURE AND EXTENT OF DAMAGE AND THE LOCATION WHERE PROPERTY MAY BE INSPECTED. (See instructions on reverse side) As a result of the U.S. Attorney's failure to perform their administrative or ministerial duties, Claimant is incarcerated and his II, IV, V, VI, VIII, IX, X Articles in Amendment 1791 to the Constitution 1789 A.D. and statutory laws have been violated.

| 10. PERSONAL INJURY/WRONGFUL DEATH |
|---|

STATE NATURE AND EXTENT OF EACH INJURY OR CAUSE OF DEATH, WHICH FORMS THE BASIS OF THE CLAIM. IF OTHER THAN CLAIMANT, STATE NAME OF INJURED PERSON OR DECEDENT. Claimant has suffered loss of liberty, enjoyment of life, false arrest & imprisonment, assault, trespass, kidnapping, harassment, detriment of character/named defamed, obstruction of justice, violation of due process, breach of contract (Constitution 1789A.D. & Articles in Amendment 1791 A.D.), loss of companionship of wife of 48 years, to name a few.

| 11. | WITNESSES | |
|---|---|---|
| NAME | | ADDRESS (Number, street, city, State, and Zip Code) |
| Eric Lee Jensen | | FCC, Low, Unit B-2 Coleman, FL, 33521-1031 |
| Wayne Johnson | | FCC, Low, Unit A-4 Coleman, FL, 33521-1031 |

| 12. (See instructions on reverse) | AMOUNT OF CLAIM (in dollars) | | |
|---|---|---|---|
| 12a. PROPERTY DAMAGE | 12b. PERSONAL INJURY | 12c. WRONGFUL DEATH | 12d. TOTAL (Failure to specify may cause forfeiture of your rights.) |
| $1,000,000,000.00 | $1,000,000,000.00 | NA | $2,000,000,000.00 |

I CERTIFY THAT THE AMOUNT OF CLAIM COVERS ONLY DAMAGES AND INJURIES CAUSED BY THE ACCIDENT ABOVE AND AGREE TO ACCEPT SAID AMOUNT IN FULL SATISFACTION AND FINAL SETTLEMENT OF THIS CLAIM

| 13a. SIGNATURE OF CLAIMANT (See instructions on reverse side.) | 13b. Phone number of signatory | 14. DATE OF CLAIM |
|---|---|---|
| Rodney Eugene Smith | NA | Jan. 11, 2005 |

| CIVIL PENALTY FOR PRESENTING FRAUDULENT CLAIM | CRIMINAL PENALTY FOR PRESENTING FRAUDULENT CLAIM OR MAKING FALSE STATEMENTS |
|---|---|
| The claimant shall forfeit and pay to the United States the sum of not less than $5,000 and not more than $10,000, plus 3 times the amount of damages sustained by the United States. (See 31 U.S.C. 3729.) | Imprisonment for not more than five years and shall be subject to a fine of not less than $5,000 and not more than $10,000, plus 3 times the amount of damages sustained by the United States. (See 18 U.S.C.A. 287.) |

| 95-108 | NSN 7540-00-634-4046 | STANDARD FORM 95 (Rev. 7-85) PRESCRIBED BY DEPT. OF JUSTICE 28 CFR 14.2 |
|---|---|---|

U.S. Postal Service™
**CERTIFIED MAIL  RECEIPT**
(Domestic Mail Only; No Insurance Coverage Provided)

For delivery information visit our website at www.usps.com

RODNEY SMITH FCC COLEMAN LOW FACILITY MAILROOM

| Postage | $ | 3.85 |
| Certified Fee | | 2.30 |
| Return Receipt Fee (Endorsement Required) | | Postmark Here |
| Restricted Delivery Fee (Endorsement Required) | | 2005 JAN 13 A 6:58 |

continuation sheet of STANDARD FORM 95, filed

1. The United States Attorney for the United States in the United States District Court for Idaho, Case 93-405-E-EJL (1993) admitted that the Internal Revenue Service is not an agency of the United States. (see Exhibit 1) Congress did not create a Bureau of Internal Revenue via the 1862 Act in which the Office of Commissioner of Internal Revenue was created. The 1862 Act in which the Office of Internal Revenue was created, in reality created the offices of "assessor" and "collector", in addition to the Office of Commissioner.

2. The Act of 1862 was abolished in 1871. Therefore, Congress never met the requirements of Article I, § 8, clause 18 of the Constitution of 1789 A.D., so the IRS cannot legitimately enforce internal revenue laws of the U.S. in the States of the Union as there is no nexus to the Constitution. (Also see the Statement of IRS organization at 39 Fed. Reg. 11572, 1974-1 Cum. Bul. 440, 37 Fed. Reg. 20960, and the Internal Revenue Service Manual 1100 through the 1997 edition.)

3. Therefore, no internal revenue districts under IRS administrative enforce-ment jurisdiciton have been established in the States of the Union under authority of 26 U.S.C. § 7621 and Executive ORder # 10289, as amended. (See 26 CFR 301.7621.1) Therefore, IRS enforcement venue is restricted by 4 U.S.C., § 72. (See 26 U.S.C., § 7601, et seq.)

4. Those agents appointed as "assessors" and "collectors" under the 1862 Act continued to collect internal revenue with the States of the Union until the Internal Revenue Code of 1954. The offices of assessor and collector were abolished via Reorganization Plan No. 26 of 1950. The name of Bureau of Internal Revenue was changed to Internal Revenue Service via Treasury Order # 150-29, which was not published in the Federal register as mandated by the requirements of the Federal Register Act. (See 44 U.S.C. §§ 1501 et seq., particularly § 1505(a).

5. Congress has authorized the IRS as successor of the Bureau of Internal Revenue to administer Chapters 1, 2, and 3 of the Internal Revenue Code (IRC) in insular possessions of the United States via 26 U.S.C. § 7701(a)(12)(B). Acts of the first civil governor of Porto Rico in May, 1900 and subsequent acts of the Porto Rico legislature, are published in Senate Documents beginning with the 1900 edition. The original gubernatorial act and subsequent legislation established five different entities that through the years were merged to become the Bureau of Internal Revenue, Puerto Rico. Acts of the first Puerto Rico (spelling changed) legislature are in the 1901 edition. The continum is affirmed by the current 27 CFR § 250.11. The term "revenue agent" is defined in 27 CFR § 250.11 as "Any duly authorized Commonwealth Internal Revenue Agent of the Department of the Treasury of Puerto Rico."

6. Therefore, IRS Agents have no authority to ask for a search or arrest warrant within the Union of States. F.R.CR.P. Rule 41(a) states in part:

"...upon the request of a federal law enforcement officer or an attorney for the government, a search warrant authorized by this rule may be issued (1) by a federal magistrate judge..."

7. The C.F.R.'s dealing with the Department of Justice and the authority to request the issuance of search warrants under Rule 41 provide in relevant part:

continuation sheet of STANDARD FORM 95, filed

PART 60 — AUTHORIZATION OF FEDERAL LAW ENFORCEMENT
OFFICER TO REQUEST THE ISSUANCE

Sec. 60.1  Purpose
This regulation authorizes certain categories of federal law enforce-
ment officers to request the issuance of search warrants under Rule
41, F.R.CR.P., and lists the agencies whose officers are so authorized.
Rule 41(a) provides in part that a search warrant may be issued "upon
the request of a federal law enforcement officer," and defines the term
in Rule 41(h) as "any government agent...who is engaged in the enforce-
ment of the criminal laws and is within the category of officers
authorized by the Attorney General to request the issuance of a search
warrant."  The publication of the categories and listing of the agencies
is intended to inform the courts of the personnel who are so authorized.
It should be noted that only in the very rare emergent case is the law
enforcement officer permitted to seek a search warrant without the
concurrence of the appropriate U.S. attorney's office..." 28 C.F.R. 60.1
(emphasis added)

8.  Under 28 C.F.R. 60.2, there are additional federal law enforcement
officers identified in subparagraphs (c) through (q) which deal with special agents
of various departments, etc.  It is significant to note that a special agent of
the Criminal Investigation Division of the IRS is not included.

9.  The relevant portion of 26 U.S.C. § 7608 — AUTHORITY OF INTERNAL REVENUE
OFFICERS — is subtitle (b) which is entitle "Enforcement of Laws Relating to
Internal Revenue other than Subtitle (e)."

subsection (b)(1):
"Any criminal investigator of the Intelligence Division of the Internal
Revenue Service whom the secretary charges with the duty of enforcing
any of the criminal provisions of the Internal Revenue laws, any other
criminal provisions of law relating to Internal Revenue for enforcement
of which the secretary is responsible, or any other law for which the
secretary has delegated investigatory authority to the Internal Revenue
Service, is, in the performance of his duties, authorized to perform
functions described in paragraph (2).

10.  The functions under paragraph (2) are to execute and serve search warrants
and arrest warrants in the territorial possessions.  There is no authorization
to make application for a search warrant or arrest warrant within the continental
U.S.  In fact, IRS agents are only authorized to execute warrants upon computerized
records within the territories.

11.  The Department of the Treasury is an administrative agency; it is not
the Treasury of the U.S. which was established while Congress was still convened
under the Articles of Confederation; but was established by Congress under the
Constitution via the act of September 2, 1789.  It has always been under Congress
supervision.  The Department of the Treasury has very little authority in the
Union of Several States.

Continuation Sheet of STANDARD FORM 95, filed

12.  Public Law 105-206, July 22, 1998 gives the Treasury Inspector General for Tax Administration the duties to enforce the laws regarding the I.R.C. of 1986 and no other.  The Secretary of the Treasury filed in the Federal Registry, vol. 64, No. 16, Tuesday, January 26, 1999, NOTICES, Treasury Order Number 115-01, authorizing the Office of Treasury Inspector General for Tax Administration to enforce criminal provisions of internal revenue laws.

13.  The U.S. Government Manual 1998-1999 edition, the functional diagram of the Department of the Treasury, clearly shows the IRS as being excluded from the chain of command under the Secretary for Enforcemtn.  Therefore, it is absolutely clear the IRS has no enforcement power, only investigative authority.

14.  26 CFR 1.274-5T(k)(6)(ii) states:

"Law Enforcement Officer - The term law enforcement officer means an individual who is employed on a full-time basis by a governmental unit that is responsible for the prevention or investigation of crime involving injury to persons or property (including apprehension or detention of persons for such crimes), who is authorized by law to carry firearms, execute search warrants, and to make arrests (other than merely a citizen's arrest), and who regularly carries firearms (except when it is not possible to do so because of the requirements of undercover work.)  The term law enforcement officer may include an arson investigator if the investigator otherwise meets the requirements of this paragraph (k)(6)(ii), but does not include Internal Revenue Service Special Agents."  (emphasis added)

15.  In the case United States V Providence Journal Co., 485 U.S. 693, 99 L.Ed.2d 785, 108 S.Ct. 1502 (1988) the court established the principle that the court lacks jurisdiction over an action commenced on behalf of the government by a person not "authorized" to do so.

16.  Referring back to paragraph 7, there is no record in the court's docket to indicate that the IRS obtained authority from the U.S. attorney to seek arrest and search warrants.

17.  In the application for the search warrant, IRS Agent Jason L. Gandee identifies himself as a "Special Agent, Criminal Investigation, Internal Revenue Service."  (See Exhibit 2.) and (Exhibit 2A).

18.  According to the Internal Revenue Manual, the Criminal Investigation Division (CID) derives its statutory authority from 26 U.S.C. § 7608. (See IRM [9.1] 2.2 (6-30-98). § 7608 clearly shows that its authority pertains to enforcement of Subtitle E which deals only with alcohol, tobacco, and firearms.

19.  According to the Internal Revenue Code (IRC), § 7608 was derived from P.L. 85-859, Title II, § 204(14), Stat. 1429-30 which was added to the Code in 1958.  The Table of Cross references in the 1954 Code, which makes cross references between the 1954 Code and the 1939 Code, does not show that § 7608 was derived from any portion of the 1939 Code.

20.  The subject matter of both § 204(14) of P.L. 85-859 and the surrounding margin references points only to Sections of Subtitle E including Sections 5001-5862 and 5862(b).  Thus for purposes of enforcing any provision of the Code, CID is strictly limited to matters under Subtitle E of the Code.

21.  Sections 4001-4003 of the 1939 Code described Internal Revenue Agents and their powers and authorities.  Those powers were also limited to matters arising under the alcohol, tobacco, and firearm laws that are now contained within Subtitle E of the 1954 Code.

22.  Sections 4001 to 4003 pointed to Sections 2828, 2839, and 3601 of the 1939 Code for authority. §§ 2828 and 2839 were repealed by the enactment of the 1954 Code, (See 26 USC § 7851(a)(5)) but § 3601 was left which only deals with entering premises to inspect taxable objects.  Thus, anything done by a CID agent outside the scope of Subtitle E is unlawful. (See Exhibit  2B)

23.  P.L. 85-859 - Sept. 2, 1958, 72 Stat., § 7608 states in part that "the duty of enforcing any of the criminal, seizure, or forfeiture provisions of Subtitle E or any other law of the United States pertaining to the commodities subject to tax..."  Claimant has no commodities subject to the tax.  See § 7609 for a listed of the "commodities subject to the tax."  See Exhibit 2C.

24.  On April 23, 2004, Claimant sent the United States Attorney's, Karen George and Kasey Warner a Private Administrative Claim, Proofs of Claims, in which the United States Attorneys admitted and agreed by "tacit procuration" to questions presented therein. See Exhibit 3, questions 66, 67, 68, 69, 71 and 72.  A Proof of Claim of was also sent to Judge David A. Faber who also admitted and agreed by "tacit procuration" with the Claimant.

25.  Furthermore, neither the IRS nor the United States Government had an agreement with the West Virginia State Police or the West Virginia Government to perform any task for the IRS or the U.S. Government in violation of Title 5 U.S.C. §§ 3372 or 3374.

26.  On August 3, 2004, Claimant sent a Freedom of Information request to the West Virginia State Police asking for the agreement between the State Police or the State of West Virginia and the IRS or U.S. Government.  Several letters were exchanged, but the State Police would not produce the requested information.  Claimant then filed a Motion with the Monroe County Circuit Court for an order to have the State Police produce the requested information.  The Motion was ordered by Judge Irons, Monroe County Circuit Court, to be forwarded to the Kanawha County Circuit Court.  See Exhibit 4.

27.  On October 20, 2004, Col. Hill, Superintendent of the West Virginia State Police, received a Notice of Request for Proofs of Claims requesting answers concerning the agreement between the State Police and the U.S. Government or IRS, to which no response was received. On November 5, 2004, Hill received a Notice of Acceptance of Admissions/Notice of Non-Response and was given three additional days to cure; again no response.  On November 15, 2004, Col. Hill received a Notice of Private Administrative Judgment by Default in which Hill admitted by "tacit procuration" that the State Police had no agreement with the U.S. Government or the IRS.  See the following cases in support of Title 5, U.S.C., §§ 3372 and

Continuation Sheet of STANDARD FORM 95

3374: <u>Bordeaux v Lynch</u>, 958 F.Supp. 84 (N.D.N.Y 1997); <u>Dry v United States</u>, 235 F.3d 1258 (10th Cir. 2000); <u>United States v Del Torro</u>, 513 F.2d 656 (1975); <u>United States v Torres</u>, 862 F.2d 1025 (3rd Cir. 1988); <u>United States v Navarro</u>, 959 F.Supp. 1273 (E.D. Cal. 1997); and <u>Anderson v Government of Virgin Islands</u>, 199 F.Supp.2d 269, 275 (D.V.I. 2002). <u>See Exhibit 5.</u>

28. The State Police cannot/could not provide "voluntary service." See <u>Navarro</u>, note 9 (1997 case).

29. In addition, the State Police had to be "deputized" by a U.S. Marshall or other approved official, which given the facts herein, the State Police were not deputized. See <u>United States v Diamond</u>, 53 F.3d 249, 251 (9th Cir. 1995); <u>United States v Martin</u>, 163 F.3d 1212, 1215 (10th Cir. 1998) wherein <u>United States v Feola</u>, 420 U.S. 671, 679, 95 S.Ct. 1255, 43 L.Ed.2d 541 (1975) is cited; and <u>Tyson v Willaver</u>, 289 F.S.2d 190, 192, n 1, (D. Conn. 2003).

30. Also see Exhibit 6 wherein the Governor of West Virginia was asked for the aforesaid agreement, and Exhibit 7, wherein the Governor received an Administrative Demand for Proof of Claim to which no response was received.

31. As a result of the foregoing, the investigation by the West Virginia State Polcie on behalf of the IRS, and the arrest of Claimant on behalf of the IRS, was unlawful and illegal, and therefore the incarceration is unlawful and illegal.

32. In addition, even if the search and seizure warrant would have been lawfully obtained, the search & seizure warrant presented to my my wife, Bonnie Lee Smith, did not have an affidavit affixed so she could determine what was to be searched and seized. In addition, she opened our safe under cocercion and duress when the FBI agent told her that the safe would be removed and opened by them later. See Exhibit 8.

33. Furthermore, the alleged codes on the application for said warrants and indictment(s) did not display Implementing Regulations pursuant to Title 44 U.S.C., § 1500 et seq. which gives the statute(s) force and affect of law.

34. The original Judiciary Act of September 24, 1789 A.D., § 9, 1 Stat. 76 states:

> "And it be further enacted, that the district court(s) shall have, exclusively of the courts of the several States, cognizance of all crimes and offences that shall be cognizable under the authority of the <u>United States</u>. (emphasis added)

35. And in more recent times Title 28 U.S.C., § 732, 1934 edition; Title 18 U.S.C., § 80, 1940 edition; and more recenttly Title 26 U.S.C., § 7402; Title 26 U.S.C., § 7608; and Title 18 as shown below:

> "section 2 - Principals

> (a) Whoever commits an offense against the United States or aids,...

> (b) Whoever willfully causes an act to be done which if directly

performed by him or another would be an offense against the United States,..."

section 3 - "...offense against the United States..."

36. And the Federal Rules of Civil Procedure 17(a) states in part:

"...prosecute by the "real party in interest."

"..., an action for the use or benefit of another shall be brought in the name of the United States."

37. The Supreme Court Digest under the "United States," page 770, is titled VIII ACTION FOR SUITS, (A) BY UNITED STATES. Section 93's topic is the "Right or Capacity of United States to sue," No where is the UNITED STATES OF AMERICA shown to have the capacity to sue or be sued.

38. The U.S. Attorney knew or should have known that the arrest warrant was for IRS Agents to perform; however, the U.S. Attorney knew or should have known that the West Virginia State Police performed the task and that a "requisition for warrant" should have been sent to the Governor of West Virginia for a "warrant of extradition", because West Virginia is a foreign jurisdiction with respect to the United States. See Cheung v United States, 213 F.3d 82, 92 (2nd Cir. 2000); 20 L.Ed. 597, 80 U.S. 397.

39. The U.S. Congress recognized that the States jurisdiction is foreign to the United States when it enacted the Government Organization Statute in 1971.

40. The Supreme Court held in Michigan v Doran, 439 U.S. 282, 58 L.Ed.2d 521, 99 S.Ct. 530:

"...it was held that under the extradition clause of the Federal Constitution (Article IV, § 2, clause 2) once the governor of the asylum state has acted on a requisition for extradition based on the demanding state's judicial determination that probable cause existed, no further judicial inquiry may be held on that issue in the asylum state."

Also:

"Arrest and transportation of fugitive without extradition proceedings as violate of civil rights actionable under 42 U.S.C., § 1983." 96L.Ed.2d 750 at 798,

41. RODNEY EUGENE SMITH and Rodney Eugene Smith are not the same entity according to the United States own "U.S. Government Style Manual", 2000 edition, which provides comprehensive grammar, style and usage for all government publications, including court and legal writing.

42. At Chapter 17, 1984 edition, Courtwork, the rules of capitalization, as mentioned in Chapter 3 iterated that:

"17.1. Courtwork differs in style from other work only as set forth in this section; otherwise the style prescribed in the preceding sections will be followed."

At § 17.9, it states:

"In the titles of cases the first letter of all principal words are capitalied, but not such terms as defendant and appellee."

Section 17.12 also agrees with 17.9, and the Texas Law Review's Manual on Usage and Style are in agreement.

43. In letters to the Prosecutor, Assistant U.S. Attorney Karen George, and the Executive Office for U.S. Attorneys, FOIA/PA Unit, both dated June 25, 2003, Claimant asked for "Prosecutive Memoranda" regarding Case No. 01:01-00007. U.S. Attorney Kasey Warner, Charleston, WV, responded to said letter on July 8, 2003, and advised where to send a FOIA/PA request. He did not deny that a "prosecutive Memoranda" was needed to prosecute case 01:01-00007. A request was also sent to the National Archives and Record Administration who responded by stating they had no such documents. See Exhibit 9.

44. The only evidence provided by the DOJ was a proposed "indictment" with an "Indictment Review Cover Sheet" with an alleged signature dated 12-28-00, with no seal or stamp or signature block showing who or what department allegedly approved the Indictment Review Cover Sheet.

45. Therefore, there is no "Prosecutive Memoranda" signed by an approved official from the DOJ to prosecute RODNEY EUGENE SMITH or Rodney Eugene Smith. If the Prosecutive Memoranda was not requried, the U.S. Attorney should have responded that the Prosecutive Memoranda was not required based on whatever law, rule, or code supported the fact that the Prosecutive Memoranda was not required. Therefore, the only conclusion is that the "Prosecutive Memoranda" was required, but not obtained.

46. As to the income tax charge, DOJ Directive 52 requires that a Form 9131 be aproved to prosecute revenue charges. There is no Form 9131 on the record.

47. Consequently, there was no subject matter or personam jurisdiction over either RODNEY E or EUGENE SMITH or Rodney Eugene Smith/Secured Party/Creditor.

48. Subsequently, the U.S. Attorney(s) failed in their administrative/ministerial duty to insure that the IRS agents were "law enforcement officers", that the affidavits in support of the warrants contained first hand knowledge, that the West Virginia State Police had an agreement in place to perform a lawful under cover operation, that there was an lawful informant having knowledge of any alleged crime being committed, that the arrest was lawfully and legally done, and that a "Warrant of Extradition" was in place.

49. The Prosecuting Attorneys and the trial Judge are in agreement with Claimant as evidence in Exhibit 3, and paragraph 24.

7

Rodney Eugene Smith
FCC, Low, Unit C-3
P.O. Box 1031
Coleman, FL, 33521-1031

Kimberly P. Smith, Torts Branch
Civil Division, DOJ
P.O. Box 888, Franklin Sta.
Washington, D.C., 20044

Cert Mail: 7005 0390 0000 8160 9998

June 23, 2005

Re: Your letter March 10, 2005

Dear Ms. Smith:

The attached Amended SF 95 has been forwarded to the following:

Kasey Warner, U.S. Attorney
P.O. Box 1713
Charleston, WV, 25326

Tom Britton, Claims Manager
General Legal Services, IRS
95 L'Enfant, S.W.
Washington, D.C., 20024

Valerie Caproni
General Counsel, FBI
935 Pennsylvania Ave., N.W., Rm 7427
Washington, D.C., 20535-0001

William R. Burchill, Jr.
General Counsel, Administrative Office of U.S. Courts
1 Columbus Circle, N.E., Suite 7-290
Washington, D.C, 20544

Sincerely

*Rodney Eugene Smith*

Rodney Eugene Smith

U.S. Postal Service™
CERTIFIED MAIL™ RECEIPT
(Domestic Mail Only; No Insurance Coverage Provided)
For delivery information visit our website at www.usps.com™

RODNEY SMITH CASE

Postage $ .60
Certified Fee 2.30
Return Receipt Fee (Endorsement Required)
Restricted Delivery Fee (Endorsement Required)
Total Postage & Fees $ 21.98

Sent To KIMBERLY SMITH TORT CLAIMS
Street, Apt. No.; or PO Box No. PO BOX 888
City, State, ZIP+4 WASH. D.C. 20044

PS Form 3800, June 2002         See Reverse for Instructions

7005 0390 0000 8160 9998

*Exhibit 4*

| CLAIM FOR DAMAGE, INJURY, OR DEATH | INSTRUCTIONS: Please read carefully the instructions on the reverse side and information requested on both sides of this form. Use additional sheet(s) if necessary. See reverse side for additional instructions. | FORM APPROVED OMB NO. 1105-0008 EXPIRES 5-31-05 |
|---|---|---|

| 1. Submit To Appropriate Federal Agency:   AMENDED<br><br>Director of Tort<br>Civil Division<br>U.S. Dept. of Justice<br>Washington, D.C., 20530 | 2. Name, Address of claimant and claimant's personal representative, if any. (See instructions on reverse.) (Number, street, city, State and Zip Code)<br><br>Rodney Eugene Smith<br>FCC, Low, Unit C-3<br>P.O. Box 1031<br>Coleman, FL, 33521-1031 |
|---|---|

| 3. TYPE OF EMPLOYMENT<br>MILITARY   CIVILIAN NA | 4. DATE OF BIRTH<br>17/11/37 | 5. MARITAL STATUS<br>M | 6. DATE AND DAY OF ACCIDENT<br>December 7, 2000 | 7. TIME (A.M. OR P.M)<br>Appx. 8:30 A.M. |
|---|---|---|---|---|

8. Basis of Claim (State in detail the known facts and circumstances attending the damage, injury, or death, identifying persons and property involved, the place of occurrence and the cause thereof) (Use additional pages if necessary)  On or about December 6, 2000, Criminal complaints arrest warrant, & a search and seizure warrant was obtained by IRS agents Jason L. Candee from U.S.D.C. Magistrate Judge Maurice G. Taylor.  Claimant was arrested by West Virginia State Police on December 7, 2000 at about 8:30 A.M. and immediately turned over to IRS agent Frank Klepadlo and another agent.  This matter involves U.S.D.C. case # 01:01-00007. This matter involves Judge Taylor as a tort-feasor as he failed to perform his ministrial duty to insure the record was correct on its face.  See Continuation sheets which remain the same as the originial.  The exhibits attached hereto are incorporated herein by reference as if fully contained herein and are true and correct.

| 9. | PROPERTY DAMAGE |
|---|---|

NAME AND ADDRESS OF OWNER, IF OTHER THAN CLAIMANT (Number, street, city, State, and Zip Code)

NA

BRIEFLY DESCRIBE THE PROPERTY, NATURE AND EXTENT OF DAMAGE AND THE LOCATION WHERE PROPERTY MAY BE INSPECTED. (See instructions on reverse side)  Judge Taylor failed to insure the "binding directives" (Loughlin v U.S., 393 F3d 155 (D.C.Cir. 2004), Title 5, §§ 3372/3374, Title 18, § 3182, and other directives mentioned in the SF 95 continuation.

| 10. | PERSONAL INJURY/WRONGFUL DEATH |
|---|---|

STATE NATURE AND EXTENT OF EACH INJURY OR CAUSE OF DEATH, WHICH FORMS THE BASIS OF THE CLAIM. IF OTHER THAN CLAIMANT, STATE NAME OF INJURED PERSON OR DECEDENT Claimant has suffered loss of liberty, loss of property, loss of enjoyment of life, pursuant of happiness, loss of companship with his wife of 48 years, loss of family relationship, right to due process of law, kidnapping, abuse of process, assualt and battery, false arrest/imprisonment, unlawful search and seizure, all of which was a result of negligence.

| 11. | WITNESSES | |
|---|---|---|
| | NAME | ADDRESS (Number, street, city, State, and Zip Code) |
| | Eric Lee Jensn | FCC, Low, Unit B-2, P.O. Box 1031 Coleman, FL, 33521-1031 |
| | Wayne Johnson | FCC, Low, Unit A-4, P.O. Box 1031 Coleman, FL, 33521-1031 |

| 12. (See instructions on reverse) | AMOUNT OF CLAIM (in dollars) | | |
|---|---|---|---|
| 12a. PROPERTY DAMAGE | 12b. PERSONAL INJURY | 12c. WRONGFUL DEATH | 12d. TOTAL (Failure to specify may cause forfeiture of your rights.) |
| $500,000,000.00 | #1,000,000,000.00 | NA | $1,500,000,000.00 |

I CERTIFY THAT THE AMOUNT OF CLAIM COVERS ONLY DAMAGES AND INJURIES CAUSED BY THE ACCIDENT ABOVE AND AGREE TO ACCEPT SAID AMOUNT IN FULL SATISFACTION AND FINAL SETTLEMENT OF THIS CLAIM

| 13a. SIGNATURE OF CLAIMANT (See instructions on reverse side.)<br>Rodney Eugene Smith | 13b. Phone number of signatory<br>NA | 14. DATE OF CLAIM<br>January 7, 2005 |
|---|---|---|

| CIVIL PENALTY FOR PRESENTING FRAUDULENT CLAIM<br>The claimant shall forfeit and pay to the United States the sum of not less than $5,000 and not more than $10,000, plus 3 times the amount of damages sustained by the United States. (See 31 U.S.C. 3729.) | CRIMINAL PENALTY FOR PRESENTING FRAUDULENT CLAIM OR MAKING FALSE STATEMENTS<br>Imprisonment for not more than five years and shall be subject to a fine of not less than $5,000 and not more than $10,000, plus 3 times the amount of damages sustained by the United States. (See 18 U.S.C.A. 287.) |
|---|---|

| 7-108<br>Previous editions not usable | NSN 7540-00-634-4046 | STANDARD FORM 95 (Rev. 7-85)<br>PRESCRIBED BY DEPT. OF JUSTICE<br>28 CFR 14.2 |
|---|---|---|



# U.S. Department of Justice

**Civil Division, Torts Branch**
**Federal Tort Claims Act Staff**

---

*Kimberly P. Smith*
*Paralegal Specialist*

*Post Office Box 888*
*Benjamin Franklin Station*
*Washington, D.C. 20044*

*Telephone: (202) 616-4223*
*Facsimile: (202) 616-5200*

PJP:KPSmith:hls
157-16-NEW

March 10, 2005

Rodney Eugene Smith
#03898-088
Federal Correctional Complex
Low, Unit C-3
Post Office Box 1031
Coleman, FL 33521-1031

  Re: <u>Administrative Tort Claim of Rodney Eugene Smith</u>

Dear Mr. Smith:

  The administrative tort claim dated January 7, 2005, which you presented to the Department of Justice on January 18, 2005, was referred to this office for handling.

  Your claim has been assigned to me for handling. As soon as I have reviewed the material, I will contact you. Should you have any questions in the interim, please feel free to contact me at the following address:

> **Kimberly P. Smith**
> **Paralegal Specialist**
> **Torts Branch, Civil Division**
> **United States Department of Justice**
> **P. O. Box 888**
> **Benjamin Franklin Station**
> **Washington, D.C. 20044.**

       Very truly yours,

       KIMBERLY P. SMITH
       Paralegal Specialist
       Torts Branch, Civil Division

cc w/encls:    Honorable Karl K. Warner, II
United States Attorney
Southern District of West Virginia
Post Office Box 1713
Charleston, WV 25326

Tom Britton
Claims Manager
General Legal Services
Internal Revenue Services
95 L'Enfant Plaza, S.W.
Washington, D.C. 20024

Honorable Valerie Caproni
General Counsel
Federal Bureau of Investigation
935 Pennsylvania Avenue, N.W., Room 7427
Washington, D.C. 20535-0001

Honorable William R. Burchill, Jr.
General Counsel
Administrative Office of U.S. Courts
1 Columbus Circle, N.E.
Suite 7-290
Washington, D.C. 20544

7003    0002 1644 9078

COMMERCIAL
AFFIDAVIT OF TRUTH

State of Florida)
           ) ss
County of Sumter)

     I, Rodney Eugene Smith, being first duly sworn, depose and say:

     1. That I am the Secured Party/Creditor of the Debtor/RODNEY E or RODNEY EUGENE SMITH or any derivative thereof; and,

     2. That as the Secured Party, I have a priority interest in protecting the property and property right(s) of both the Debtor and Secured Party; and,

     3. That I am the creditor/principle holding claim and property lien interest in the Debtor and UNITED STATES DISTRICT COURT, SOUTHERN DISTRICT OF WEST VIRGINIA, Case # 01:01-00007, See attached UCC-1, Financing Statement, UCC-3 securing case # 01:01-00007, UCC search, and UCC-3 Public Notice, attached.

     4. That on December 6, Magistrate Judge Maurice G. Taylor failed in his ministerial duties to insure the IRS agents were authorized to seek arrest, and search and seizure warrants, that the real party in interest was the United States rather than the UNITED STATES OF AMERICA, and that the Implementing Regulations were with the United States Codes on said warrants and complaints pursuant to Title 44 U.S.C., §§ 1500 et seq., and that the record was correct on its face.

     5. As a result of Judge Taylor's failure of ministerial duties, a sham trial occurred and Rodney Eugene Smith was falsely imprisoned; and,

     6. That said damages are real and approximate as so enumerated on STANDARD FORM 95, in and for this private matter, Claim for Damage, Injury, attached herein, and damages set at one billion, 500 thousand U.S. Dollars ($1,500,000,000.00).

     WHEREFORE, this Commercial Affidavit of Truth supports Claimants Tort Notice and Claim for damages and is true, correct, and certain.

     Further Affiant Sayeth Naught.

                                _Rodney Eugene Smith_
                                Rodney Eugene Smith, Secred Party/Creditor, Affiant, Claimant.

Subscribed and sworn before me this 7th day of January, 2004.

                              FCC Coleman, Florida  Sumter County

                              Subscribed and sworn before me this
                              7th day of _____ , 20__

                                    Case Manager

                              Authorized by the Act of July 7, 1955, as amended, to administer oaths (18 USC§4004.)

Rodney Eugene Smith
FCC, Low, Unit C-3
P.O. Box 1031
Coleman, FL, 33521-1031

Administrative Office of
the United States Courts
One Columbia Circle, N.E.
Washington, D.C., 20544

Date: January 7, 2005                         Notice of Tort Claim

Claimant: Rodney Eugene Smith                 Certified Mail No:
                                              7003 3110 0002 1644 9078
Date of Loss: December 7, 2000

Dear Sir/Madam:

       Claimant, Rodney Eugene Smith, is the Secured Party/Creditor of the Debtor/
RODNEY E or RODNEY EUGENE SMITH, and herein files this Claim for Damages as a
matter of right, arising out of Magistrate Judge Maurice G. Taylor's failure to
perform his ministerial duty, which resulted in false arrest and false imprisonment,
assualt, trespass, kidnapping, harassment, detriment of character/named defamed,
obstruction of justice, violation of due process, and breach of contract (violation
of Constitution of 1789 A.D. and Article in Amendment II, IV, V, VI, VIII, IX, X
thereto 1791 A.D.

       The facts surrounding this claim are contained within the STANDARD FORM 95
and the continuation sheets.

       Rodney Eugene Smith demands the sum of one billion five hundred thousand U.S.
dollars ($1,500,000,000.00) for his damages, as set out in STANDARD FORM 95, as a
result of the aforesaid violations by Magistrate Judge Taylor.

                                   Respectfully submitted

                                   _Rodney Eugene Smith_
                                   Rodney Eugene Smith, Secured Party

Subscribed and sworn before me this 7th day of January, 2005.

U.S. Postal Service™
CERTIFIED MAIL™ RECEIPT
(Domestic Mail Only; No Insurance Coverage Provided)
For delivery information visit our website at www.usps.com®

Postage  $   3.85
Certified Fee    2.30
Return Receipt Fee
(Endorsement Required)
          2005  JAN -8  A 6:59
cted Delivery Fee
(...sement Required)

3110 0002 1644 9078

FCC Coleman, Florida  Sumter County

Subscribed and sworn before me this
7th day of _____, 20__

_____
Case Manager

Authorized by the Act of July 7, 1955, as
amended, to administer oaths (18 USC§4004.)

| CLAIM FOR DAMAGE, INJURY, OR DEATH | INSTRUCTIONS: Please read carefully the instruction the reverse side and supply information requested on both sides of this form. Use additional sheet(s) if necessary. See reverse side for additional instructions. | | FORM APPROROVED OMB NO. 1105-0008 EXPIRES 5-31-05 |
|---|---|---|---|

| 1. Submit To Appropriate Federal Agency: Director of Tort Civil Division U.S. Dept. of Justice Washington, D.C., 20530 | Please send to: Administrative Office of the U.S. Courts One Columbia Circle NE Washington, D.C. 20544 | | 2. Name, Address of claimant and claimant's personal representative, if any. (See Instructions on reverse). (Number, street, city, State and Zip Code) Rodney Eugene Smith FCC, Low, Unit C-3 P.O. Box 1031 Coleman, FL, 33521-1031 |
|---|---|---|---|

| 3. TYPE OF EMPLOYMENT MILITARY ☐ CIVILIAN NA | 4. DATE OF BIRTH 17/11/37 | 5. MARITAL STATUS M | 6. DATE AND DAY OF ACCIDENT December 7, 2000 | 7. TIME (A.M. OR P.M.) Appx. 8:30A.M. |
|---|---|---|---|---|

8. Basis of Claim (State in detail the known facts and circumstances attending the damage, injury, or death, identifying persons and property involved, the place of occurrence and the cause thereof) (Use additional pages if necessary). On or about December 6, 2000, Criminal Complaints arrest warrant and a search and seizure warrant was obtained by IRS agents Jason L. Gandee from U.S.D.C. Magistrate Judge Maurice G. Taylor. Claimant was arrested by West Virginia State Police on December 7, 2000 at about 8:30A.M., and immediately turned claimant over to IRS agent Frank Klepadlo and another agent. This matter involves U.S.D.C. Case # 01:01-00007. This matter involves Magistrate Judge Taylor as a tort-feasor as he failed to perform his ministerial duty to insure that the record was correct on its face. See continuation of SF-95 on continuation sheet. The Exhibits attached hereto are incorporated herein by reference as if fully contained herein and are true and correct.

| 9. | PROPERTY DAMAGE |
|---|---|

NAME AND ADDRESS OF OWNER, IF OTHER THAN CLAIMANT(Number, street, city, State, and Zip Code)

NA

BRIEFLY DESCRIBE THE PROPERTY, NATURE AND EXTENT OF DAMAGE AND THE LOCATION WHERE PROPERTY MAY BE INSPECTED. (See Instructions on reverse side)  As a result of the Magistrate Judge to perform his ministerial duty, the Claimant is incarcerated and his II, IV, V, VI, VIII, IX, X Articles in Amendment 1791 A.D. to the Constitution for the United States of America 1789 A.D. have been violated.

| 10. | PERSONAL INJURY/WRONGFUL DEATH |
|---|---|

STATE NATURE AND EXTENT OF EACH INJURY OR CAUSE OF DEATH, WHICH FORMS THE BASIS OF THE CLAIM. IF OTHER THAN CLAIMANT, STATE NAME OF INJURED PERSON OR DECEDENT Claimant has suffered loss of liberty, enjoyment of life, false arrest, arrest, false imprisonment, assault, trespass, kidnapping, harassment, detriment of characer/named defamed, obstruction of justice, violation of due process, breach of contract (Constitution 1789 A.D. and Articles in Amendment thereto 1791 A.D.), loss of companionship with wife of 48 years,.

| 11. | WITNESSES | |
|---|---|---|
| NAME | ADDRESS(Number, street, city, State, and Zip Code) | |
| Eric Lee Jensen | FCC, Low, Unit B-2, P.O. Box 1031, Coleman, FL, 33521-1031 | |
| Wayne Johnson | FCC, Low, Unit A-4, P.O. Box 1031 Coleman, FL, 33521-1031 | |

| 12. (See Instructions on reverse) | AMOUNT OF CLAIM (in dollars) | | |
|---|---|---|---|
| 12a. PROPERTY DAMAGE $500,000,000.00 | 12b. PERSONAL INJURY $1,000,000,000.00 | 12c. WRONGFUL DEATH NA | 12d. TOTAL (Failure to specify may cause forfeiture of your rights.) $1,500,000,000.00 |

I CERTIFY THAT THE AMOUNT OF CLAIM COVERS ONLY DAMAGES AND INJURIES CAUSED BY THE ACCIDENT ABOVE AND AGREE TO ACCEPT SAID AMOUNT IN FULL SATISFACTION AND FINAL SETTLEMENT OF THIS CLAIM

| 13a. SIGNATURE OF CLAIMANT (See instructions on reverse side.) Rodney Eugene Smith | 13b. Phone number of signatory NA | 14. DATE OF CLAIM January 7, 2005 |
|---|---|---|

| CIVIL PENALTY FOR PRESENTING FRAUDULENT CLAIM The claimant shall forfeit and pay to the United States the sum of not less than $5,000 and not more than $10,000, plus 3 times the amount of damages sustained by the United States. (See 31 U.S.C. 3729.) | CRIMINAL PENALTY FOR PRESENTING FRAUDULENT CLAIM OR MAKING FALSE STATEMENTS Imprisonment for not more than five years and shall be subject to a fine of not less than $5,000 and not more than $10,000, plus 3 times the amount of damages sustained by the United States. (See 18 U.S.C.A. 287.) |
|---|---|

| -108- Previous editions not usable | NSN 7540-00-634-4046 | STANDARD FORM 95 (Rev. 7-85) PRESCRIBED BY DEPT. OF JUSTICE 28 CFR 14.2 |
|---|---|---|

continuation sheet of STANDARD FORM 95, filed

---

1. The United States Attorney for the United States in the United States District Court for Idaho, Case 93-405-E-EJL (1993) admitted that the Internal Revenue Service is <u>not</u> an agency of the United States. (see Exhibit 1) Congress did not create a Bureau of Internal Revenue via the 1862 Act in which the Office of Commissioner of Internal Revenue was created. The 1862 Act in which the Office of Internal Revenue was created, in reality created the offices of "assessor" and "collector", in addition to the Office of Commissioner.

2. The Act of 1862 was abolished in 1871. Therefore, Congress never met the requirements of Article I, § 8, clause 18 of the Constitution of 1789 A.D., so the IRS cannot legitimately enforce internal revenue laws of the U.S. in the States of the Union as there is no nexus to the Constitution. (Also see the Statement of IRS organization at 39 Fed. Reg. 11572, 1974-1 Cum. Bull. 440, 37 Fed. Reg. 20960, and the Internal Revenue Service Manual 1100 through the 1997 edition.)

3. Therefore, no internal revenue districts under IRS administrative enforcement jurisdiciton have been established in the States of the Union under authority of 26 U.S.C. § 7621 and Executive ORder # 10289, as amended. (See 26 CFR 301.7621.1) Therefore, IRS enforcement venue is restricted by 4 U.S.C., § 72. (See 26 U.S.C., § 7601 et seq.)

4. Those agents appointed as "assessors" and "collectors" under the 1862 Act continued to collect internal revenue with the States of the Union until the Internal Revenue Code of 1954. The offices of assessor and collector were abolished via Reorganization Plan No. 26 of 1950. The name of Bureau of Internal Revenue was changed to Internal Revenue Service via Treasury Order # 150-27, which was not published in the Federal register as mandated by the requirements of the Federal Register Act. (See 44 U.S.C. §§ 1501 et. seq., particularly § 1505(a).

5. Congress has authorized the IRS as successor of the Bureau of Internal Revenue to administer Chapters 1, 2, and 3 of the Internal Revenue Code (IRC) in insular possessions of the United States via 26 U.S.C. § 7701(a)(12)(B). Acts of the first civil governor of Porto Rico in May, 1900 and subsequent acts of the Porto Rico legislature, are published in Senate Documents beginning with the 1900 edition. The original gubernatorial act and subsequent legislation established five different entities that through the years were merged to become the Bureau of Internal Revenue, Puerto Rico. Acts of the first Puerto Rico (spelling changed) legislature are in the 1901 edition. The continum is affirmed by the current 27 CFR § 250.11. The term "revenue agent" is defined in 27 CFR § 250.11 as "Any duly authorized Commonwealth Internal Revenue Agent of the Department of the Treasury of Puerto Rico."

6. Therefore, IRS Agents have no authority to ask for a search or arrest warrant within the Union of States. F.R.CR.P. Rule 41(a) states in part:

> "...upon the request of a federal law enforcement officer or an
> attorney for the government, a search warrant authorized by this
> rule may be issued (1) by a federal magistrate judge..."

7. The C.F.R.'s dealing with the Department of Justice and the authority to request the issuance of search warrants under Rule 41 provide in relevant part:

continuation sheet of STANDARD FORM 95, filed

PART 60 — AUTHORIZATION OF FEDERAL LAW ENFORCEMENT
OFFICER TO REQUEST THE ISSUANCE

Sec. 60.1  Purpose
This regulation authorizes certain categories of federal law enforce-
ment officers to request the issuance of search warrants under Rule
41, F.R.CR.P., and lists the agencies whose officers are so authorized.
Rule 41(a) provides in part that a search warrant may be issued "upon
the request of a federal law enforcement officer," and defines the term
in Rule 41(h) as "any government agent...who is engaged in the enforce-
ment of the criminal laws and is within the category of officers
authorized by the Attorney General to request the issuance of a search
warrant."  The publication of the categories and listing of the agencies
is intended to inform the courts of the personnel who are so authorized.
It should be noted that only in the very rare emergent case is the law
enforcement officer permitted to seek a search warrant without the
concurrence of the appropriate U.S. attorney's office..." 28 C.F.R. 60.1
(emphasis added)

    8.  Under 28 C.F.R. 60.2, there are additional federal law enforcement
officers identified in subparagraphs (c) through (q) which deal with special agents
of various departments, etc.  It is significant to note that a special agent of
the Criminal Investigation Division of the IRS is not included.

    9.  The relevant portion of 26 U.S.C. § 7608 — AUTHORITY OF INTERNAL REVENUE
OFFICERS — is subtitle (b) which is entitle "Enforcement of Laws Relating to
Internal Revenue other than Subtitle (e)."

    subsection (b)(1):
    "Any criminal investigator of the Intelligence Division of the Internal
    Revenue Service whom the secretary charges with the duty of enforcing
    any of the criminal provisions of the Internal Revenue laws, any other
    criminal provisions of law relating to Internal Revenue for enforcement
    of which the secretary is responsible, or any other law for which the
    secretary has delegated investigatory authority to the Internal Revenue
    Service, is, in the performance of his duties, authorized to perform
    functions described in paragraph (2).

    10.  The functions under paragraph (2) are to execute and serve search warrants
and arrest warrants in the territorial possessions.  There is no authorization
to make application for a search warrant or arrest warrant within the continential
U.S.  In fact, IRS agents are only authorized to execute warrants upon computerized
records within the territories.

    11.  The Department of the Treasury is an administrative agency; it is not
the Treasury of the U.S. which was established while Congress was still convened
under the Articles of Confederation; but was established by Congress under the
Constitution via the act of September 2, 1789.  It has always been under Congress
supervision.  The Department of the Treasury has very little authority in the
Union of Several States.

Continuation Sheet of STANDARD FORM 95, filed

12.   Public Law 105-206, July 22, 1998 gives the Treasury Inspector General for Tax Administration the duties to enforce the laws regarding the I.R.C. of 1986 and no other. The Secretary of the Treasury filed in the Federal Registry, vol. 64, No. 16, Tuesday, January 26, 1999, NOTICES, Treasury Order Number 115-01, authorizing the Office of Treasury Inspector General for Tax Administration to enforce criminal provisions of internal revenue laws.

13.   The U.S. Government Manual 1998-1999 edition, the functional diagram of the Department of the Treasury, clearly shows the IRS as being excluded from the chain of command under the Secretary for Enforcemtn. Therefore, it is absolutely clear the IRS has no enforcement power, only investigative authority.

14.   26 CFR 1.274-5T(k)(6)(ii) states:

"Law Enforcement Officer - The term law enforcement officer means an individual who is employed on a full-time basis by a governmental unit that is responsible for the prevention or investigation of crime involving injury to persons or property (including apprehension or detention of persons for such crimes), who is authorized by law to carry firearms, execute search warrants, and to make arrests (other than merely a citizen's arrest), and who regularly carries firearms (except when it is not possible to do so because of the requirements of undercover work.) The term law enforcement officer may include an arson investigator if the investigator otherwise meets the requirements of this paragraph (k)(6)(ii), but does not include Internal Revenue Service Special Agents." (emphasis added)

15.   In the case United States V Providence Journal Co., 485 U.S. 693, 99 L.Ed.2d 785, 108 S.Ct. 1502 (1988) the court established the principle that the court lacks jurisdiction over an action commenced on behalf of the government by a person not "authorized" to do so.

16.   Referring back to paragraph 7, there is no record in the court's docket to indicate that the IRS obtained authority from the U.S. attorney to seek arrest and search warrants.

17.   In the application for the search warrant, IRS Agent Jason L. Gandee identifies himself as a "Special Agent, Criminal Investigation, Internal Revenue Service." (See Exhibit 2.) and (Exhibit 2A).

18.   On April 23, 2004, Claimant sent the U.S. and Assistant U.S. Attorney's a Private Administrative Claim, Proofs of Claim, in which the U.S. Attorney's admitted by "tacit procuration" to questions presented therein. See page 11, questions 66, 67, 68, 69; page 12, question 71, and 72. See Exhibit 3. A Proof of Claims was also sent to Judge David A. Faber, who also by "tacit procuration" agreed with Claimant.

19.   Furthermore, neither the IRS nor the U.S. Government had an agreement with the West Virginia State Police or the West Virginia Government to perform any task for the IRS or the U.S. Government in violation of Title 5 U.S.C., §§

27. Therefore, based on the information contained in paragraphs 1 through 18, Judge Taylor should have never issued said warrants.

28. Furthermore, the alleged codes on the application for said warrants did not display an Implementing Regulation pursuant to Title 44 U.S.C., §§ 1500 et seq. which gives the statute force and affect of law.

29. In addition, the complaints and warrants were in the name of the UNITED STATES OF AMERICA. There is no statutory law, rules of court, or constitutional provisions authorizing the "party in interest" to be the UNITED STATES OF AMERICA.

30. The original Judiciary Act of September 24, 1789 A.D., § 9, 1 Stat. 76 states:

> "And it be further enacted, that the district court(s) shall have, exclusively of the courts of the several States, cognizance of all crimes and offences that shall be cognizable under the authority of the United States. (emphasis added)

31. And in more recent times Title 28 U.S.C., § 732, 1934 edition; Title 18, U.S.C., § 80, 1940 edition; recent Title 26 U.S.C., § 7402; and Title 18 as shown below:

> " section 2 - Principals

> (a)  Whoever commits an offense against the United States or aids,..."

> (b)  Whoever willfully causes an act to be done which if directly performed by him or another would be an offense against the United States,..."

> section 3 - "....offense against the United States..."

32. And the Federal Rules of Civil Procedure 17(a) states in part:

> "...prosecute by the "real party in interest.""

> "..., an action for the use or benefit of another shall be brought in the name of United States."

33. The Supreme Court Digest under the "United States", page 770, is titled VIII ACTION FOR SUITS, (A) BY UNITED STATES. Section 93's topic is the "Right or Capacity of United States to sue," No where is the UNITED STATES OF AMERICA shown to have the capacity to sue or be sued.

34. At the initial hearing, Taylor knew or should have known that Claimant was arrested by the West Virginia State Police and knew or should have known that the Governor of West Virgina had to provide an extradition warrant before appearing before a United States Magistrate Judge, and that there was no agreement before the court  between the West Virginia State Police and the IRS or U.S. Government to perform any task.

Continuation sheet of STANDARD FORM 95

35.  Again, Magistrate Taylor had the opportunity to prevent the miscarrage of justice but neglected to perform his ministerial duty to correct the unlawful and illegal acts of the IRS Agents and the West Virginia State Police.

36.  The Prosecuting Attorney and trial Judge both are in agreement with Claimant that Case 01:01-00007 was unlawful.  See paragraph 18 on page 3.

37.  Consequently, there was no subject matter or personam jurisdiction over either RODNEY E or EUGENE SMITH or Rodney Eugene Smith/Secured Party/Creditor.

Rodney Eugene Smith
FCC, Low, Unit C-3
P.O. Box 1031
Coleman, FL, 33521-1031

Kimberly P. Smith, Torts Branch
Civil Division, DOJ
P.O. Box 888, Franklin Sta.
Washington, D.C., 20044

*cert mail: 7005 0390 0000 8160 9998*

June 23, 2005

Re:  Your letter dated June 16, 2005

The attached Amended SF-95 has been forwarded to:

William R. Burchill, Jr.
General Counsel
Administrative Office of U.S. Courts
1 Columbus Circle, N.E.
Suite 7-290
Washington, D.C., 20544

*Rodney Eugene Smith*
Rodney Eugene Smith

**U.S. Postal Service™**
**CERTIFIED MAIL™ RECEIPT**
(Domestic Mail Only; No Insurance Coverage Provided)
For delivery information visit our website at www.usps.com®

| | |
|---|---|
| Postage | $ .60 |
| Certified Fee | 2.30 |
| Return Receipt Fee (Endorsement Required) | |
| Restricted Delivery Fee (Endorsement Required) | |
| Total Postage & Fees | $ 2.90 |

Sent To KIMBERLY SMITH TORT CLAIMS
Street, Apt. No.; or PO Box No. P.O. BOX 888
City, State, ZIP+4 WASH. D.C. 20044

PS Form 1800, June 2002    See Reverse for Instructions

*Exhibit 5*

# CLAIM FOR DAMAGE, INJURY, OR DEATH

INSTRUCTIONS: Please read carefully the instructions on the reverse side and supply information requested on both sides of this form. Use additional sheet(s) if necessary. See reverse side for additional instructions.

FORM APPROVED
OMB NO.
1105-0008
EXPIRES 3-31-91

| 1. Submit To Appropriate Federal Agency: | 2. Name, Address of claimant and claimant's personal representative, if any. (See instructions on reverse.) (Number, street, city, State and Zip Code) |
|---|---|
| Director of Tort Civil Division U.S. Dept. of Justice Washington, D.C, 20530 | AMENDED -Pleas send to: Administrative Office of the U.S. Courts One Columbia Circle NE Washington,D.C. 20544 | Rodney Eugene Smith FCC, Low, Unit C-3 P.O. Box 1031 Coleman, FL, 33521-1031 |

| 3. TYPE OF EMPLOYMENT | 4. DATE OF BIRTH | 5. MARITAL STATUS | 6. DAY AND DAY OF ACCIDENT | 7. TIME (A.M. OR P.M.) |
|---|---|---|---|---|
| ☐ MILITARY  ☐ CIVILIAN NA | 17/11/37 | M | Dec. 7, 2000 | 8:30AM |

8. Basis of Claim (State in detail the known facts and circumstances attending the damage, injury, or death, identifying persons and property involved, the place of occurence and the cause thereof) (Use additional pages if necessary.) On January 3, 2001, Magistrate Judge Mary Feinberg conducted an arraignment of Claimant wherein Feinberg failed in her ministerial duty to insure that valid arrest warrant, search & seizure warrant were on the record, that the IRS agents that obtained said warrants and allegedly arrested claimant were "law enforcement officer", that the West Virginia State Police had an agreement with the U.S. Government to perform the arrest, that a "warrant of extradition" was on the record from the Governor of West Virginia, that the alleged charges on the (See continuation sheet for SF-95).
The exhibits attached hereto are incorporated herein by reference as if full contained herein and are true and correct.
The continuation sheets for SF95 remain the same.

## 9. PROPERTY DAMAGE

NAME AND ADDRESS OF OWNER, IF OTHER THAN CLAIMANT (Number, street, city, State, and Zip Code)
NA

BRIEFLY DESCRIBE THE PROPERTY, NATURE AND EXTENT OF DAMAGE AND THE LOCATION WHERE PROPERTY MAY BE INSPECTED. (See instructions on reverse side.) As a result of Feinberg's failure to insure "binding directives" were complied with, pursuant to Title 5, §§ 3372/3374, Title 18, § 3182, and other directives mentioned in the SF95 continuation claimant has suffered as noted in block 10.

## PERSONAL INJURY/WRONGFUL DEATH

STATE NATURE AND EXTENT OF EACH INJURY OR CAUSE OF DEATH, WHICH FORMS THE BASIS OF THE CLAIM. IF OTHER THAN CLAIMANT, STATE NAME OF INJURED PERSON OR DECEDENT. Claimant has suffered loss of liberty, loss of property, loss of enjoyment of life, pursuit of happiness, loss of companship of wife of 48years, loss of family relationship, right to due process of law, kidnapping, abuse of process, assault and battery, false arrest/imprisonment, and unlawful search and seizure of person and property.

| 11. WITNESSES | |
|---|---|
| NAME | ADDRESS (Number, street, city, State, and Zip Code) |
| Eric Lee Jensen | FCC,Low, Unit B-2, P.O. Box 1031 Coleman, FL, 33521-=1031 |
| Wayne Johnson | FCC, Low, Unit A-4, P.O. Box 1031 Coleman, FL, 33521-1031 |

| 12. (See Instructions on reverse) | AMOUNT OF CLAIM (in dollars) | | |
|---|---|---|---|
| 12a. PROPERTY DAMAGE | 12b. PERSONAL INJURY | 12c. WRONGFUL DEATH | 12d. TOTAL (Failure to specify may cause forfeiture of your rights.) |
| $500,000,000.00 | $1,000,000,000.00 | NA | $1,500,000,000.00 |

I CERTIFY THAT THE AMOUNT OF CLAIM COVERS ONLY DAMAGES AND INJURIES CAUSED BY THE ACCIDENT ABOVE AND AGREE TO ACCEPT SAID AMOUNT IN FULL SATISFACTION AND FINAL SETTLEMENT OF THIS CLAIM

| 13a. SIGNATURE OF CLAIMANT (See instructions on reverse side.) | 13b. Phone number of signatory | 14. DATE OF CLAIM |
|---|---|---|
| Rodney Eugene Smith | NA | March 30, 2005 |

| CIVIL PENALTY FOR PRESENTING FRAUDULENT CLAIM | CRIMINAL PENALTY FOR PRESENTING FRAUDULENT CLAIM OR MAKING FALSE STATEMENTS |
|---|---|
| The claimant shall forfeit and pay to the United States the sum of $2,000, plus double the amount of damages sustained by the United States. (See 31 U.S.C. 3729.) | Fine of not more than $10,000 or imprisonment for not more than 5 years or both. (See 18 U.S.C. 287, 1001.) |

95-108
Previous editions not usable.

NSN 7540-00-634-4046

STANDARD FORM 95 (Rev. 7-85)
PRESCRIBED BY DEPT. OF JUSTICE
28 CFR 14.2

COMMERCIAL
AFFIDAVIT OF TRUTH

State of Florida)
            ) ss
County of Sumter)

I, Rodney Eugene Smith, being first duly sworn, depose and say:

1. That I am the Secured Party/Creditor of the Debtor/RODNEY E or EUGENE
SMITH or any derivative thereof; and,

2. That as the Secured Party, I have a priority interest in protecting the
property and property right(s) of both the Debtor and Secured Party; and,

3. That I am the creditor/principle holding claim and property lien interest
in the Debtor and UNITED STATES DISTRICT COURT, SOUTHERN DISTRICT OF WEST VIRGINIA,
Case # 01:01-00007. See attached UCC-1 Financing Statement, UCC-3 securing case
# 01:01-00007, UCC search, and UCC-3 Public Notice attached.

4. That at the initial arraignment and subsequent arraignment of 7/6/01,
Magistrate Judge Mary Feinberg failed in her ministerial duties to insure the
IRS agents were authorized to seek arrest and search and seizure warrants, that
the real party in interest was the United States vice the UNITED STATES OF AMERICA,
and that the Implementing regulations were with the United States Codes on said
warrants, indictments and complaints pursuant to Title 44, § 1500 et seq, and
that the arrest was lawful, and that a "warrant of extradition" was on the record.

5. As a result of Judge Feinberg's failure of ministerial duties, a sham
trail occurred and Rodney Eugene Smith was falsely imprisoned; and,

6. That said damages are real and approximate as so enumerated on STANDARD
FORM 95, in and for this private matter, Claim for Damage, Injury, attached herein,
and damages set at two billion U.S. dollars ($2,000,000,000.00).

WHEREFORE, this Commercial Affidavit of Truth support Claimants Tort Notice
and Claim for Damages and is true, correct, and certain.

Further Affiant Sayeth Naught

_Rodney Eugene Smith_
Rodney Eugene Smith, Claimant, Secured
Party/Creditor, Affiant

s 13 day of January, 2005.

FCC Coleman, Florida  Sumter County

Subscribed and sworn before me this
13 day of January, 2005.

_Mike Rosignal_
Case Manager
1-352-689-4041
Authorized by the Act of July 7, 1955, as
amended, to administer oaths (18 USC§4004.)

U.S. Postal Service
CERTIFIED MAIL RECEIPT
(Domestic Mail Only; No Insurance Coverage Provided)
For delivery information visit our website at www.usps.com

RODNEY SMAIL CUSE

Postage          $   3-85
Certified Fee        2-30   COLEMAN
Return Receipt Fee          FACIL
(Endorsement Required)      MAILROOM
Restricted Delivery Fee
(Endorsement Required)     2005 MAR 31
Total Postage & Fees  $   6-15     A 6:49

Sent To   DIRECTOR OF TORT DOJ
Street, Apt No.;
or PO Box No.   DOJ

7003 3110 0002 1644 4534

Rodney Eugene Smith
FCC, Low, Unit C-3
P.O. Box 1031
Coleman, FL, 33521-1031

Administrative Office of
the United States Courts
One Columbia Circle, N.E.
Washington, D.C., 20544

Date: January   , 2005                    NOTICE OF TORT CLAIM

Claimant: Rodney Eugene Smith            Certified Mail No.:
                                         7003 3110 0002 1644 8934
Date of Loss:  December 7, 2000


Dear Sir/Madam:

    Claimant, Rodney Eugene Smith, is the Secured Party/Creditor of the Debtor/
RODNEY E or EUGENE SMITH, and herein files this Claim for Damages as a matter
of right, arising out of Magistrate Judge Mary Feinber's failure to perform her
ministerial duties, which resluted in a sham trial, false imprisonment, assualt,
trespass, kidnapping, harassment, detriment of character/named defamed, ob-
struction of justice, violation of due process, and breach of contract (violation
of the Constitution of 1789 A.D. and Articles in Amendment II, IV, V, VI, VIII,
IX, and X thereto 1791 A.D.

    The facts surrounding this claim are contained in STANDARD FORM 95 and the
continuation sheets.

    Rodney Eugene Smith demands the sum of two billion ($2,000,000,000.00) U.S.
dollars for his damages, as set out in STANDARD FORM 95, as a result of the
aforesaid violations by Magistrate Judge Mary Feinberg.


                                    Respectfully submitted,


                                    _Rodney Eugene Smith_____
                                    Rodney Eugene Smith, Secured Party,
                                    Claimant


Subscribed and sworn before me this /3th day of January, 2005


                    FCC Coleman, Florida  Sumter County

                    Subscribed and sworn before me this
                    /3 day of January        , 200 .
                    _Mike U    mike Rossigul__
                         Case Manager
                    1-352-689-4300
                    Authorized by the Act of July 7, 1955, as
                    amended, to administer oaths (18 USC 4004.)

| CLAIM FOR DAMAGE, INJURY, OR DEATH | INSTRUCTIONS: Please read carefully the instructions on the reverse side and supply information requested on both sides of this form. Use additional sheet(s) if necessary. See reverse side for additional instructions. | FORM APPROVED OMB NO. 1105-0008 EXPIRES 5-31-05 |
|---|---|---|

| 1. Submit To Appropriate Federal Agency: Director of Tort Civil Division U.S. Dept. of Justice Washington, D.C., 20530 | Please send to: Administrative Office of the U.S. Courts One Columbia Circle NE Washington, D.C., 20544 | 2. Name, Address of claimant and claimant's personal representative, if any. (See Instructions on reverse) (Number, street, city, State and Zip Code) Rodney Eugene Smith FCC, Low, Unit C-3 P.O. Box 1031 Coleman, FL, 33521-1031 |

| 3. TYPE OF EMPLOYMENT MILITARY CIVILIAN NA | 4. DATE OF BIRTH 17/11/37 | 5. MARITAL STATUS M | 6. DATE AND DAY OF ACCIDENT December 7, 2000 | 7. TIME (A.M. OR P.M.) 8:30AM |
|---|---|---|---|---|

8. Basis of Claim (State in detail the known facts and circumstances attending the damage, injury, or death, identifying persons and property involved, the place of occurrence and the cause thereof) (Use additional pages if necessary.) On January 3, 2001, Magistrate Judge Mary Feinberg conducted an arraignment of Claimant wherein Feinberg failed in her ministerial duty to insure that a valid arrest warrant, search and seizure warrant were on the record, that the IRS agents that obtained said warrants and allegedly arrested Claimant were indeed "law enforcement officer", that the West Virginia State Police had an agreement with the IRS or U.S. Government to perform the arrest, that a "warrant of extradition" was on the record from the Governor of West Virginia, that the alleged charges on the See continuation sheet of FORM 95. The Exhibits attached hereto are incorporated herein by reference as if fully contained herein and are true and correct.

9. PROPERTY DAMAGE

NAME AND ADDRESS OF OWNER, IF OTHER THAN CLAIMANT (Number, street, city, State, and Zip Code)
NA

BRIEFLY DESCRIBE THE PROPERTY, NATURE AND EXTENT OF DAMAGE AND THE LOCATION WHERE PROPERTY MAY BE INSPECTED. (See instructions on reverse side) As a result of Magistrate Feinberg's failure to perform her ministerial duty to insure the accuracy of the record, Claimant is incarcerated and his II IV, V, VI, VIII, IX, X Articles in Amendment to the Constitution of 1789 A.D. have been violated.

10. PERSONAL INJURY/WRONGFUL DEATH

STATE NATURE AND EXTENT OF EACH INJURY OR CAUSE OF DEATH, WHICH FORMS THE BASIS OF THE CLAIM. IF OTHER THAN CLAIMANT, STATE NAME OF INJURED PERSON OR DECEDENT Claimant has suffered loss of liberty, enjoyment of life, false arrest & imprisonment, assault, trespass, kidnapping, harassment, detriment of character/named defamed, obstruction of justice, violation of due process, breach of contract (Constitution 1789AD & Articles in Amendment thereto 1791 A.D., loss of companionship of wife of 48 years, to name a few.

11. WITNESSES

| NAME | ADDRESS (Number, street, city, State, and Zip Code) |
|---|---|
| Eric Lee Jensen | FCC, Low, Unit B-2, P.O. Box 1031 Coleman, FL, 33521-1031 |
| Wayne Johnson | FCC Low, Unit A-4, P.O. Box 1031 Coleman, FL, 33521-1031 |

12. (See instructions on reverse) AMOUNT OF CLAIM (in dollars)

| 12a. PROPERTY DAMAGE | 12b. PERSONAL INJURY | 12c. WRONGFUL DEATH | 12d. TOTAL (Failure to specify may cause forfeiture of your rights.) |
|---|---|---|---|
| $500,000,000.00 | $1,000,000,000,.00 | NA | $1,500,000,000.00 |

I CERTIFY THAT THE AMOUNT OF CLAIM COVERS ONLY DAMAGES AND INJURIES CAUSED BY THE ACCIDENT ABOVE AND AGREE TO ACCEPT SAID AMOUNT IN FULL SATISFACTION AND FINAL SETTLEMENT OF THIS CLAIM

| 13a. SIGNATURE OF CLAIMANT (See instructions on reverse side.) Rodney eugene smith | 13b. Phone number of signatory NA | 13c. DATE OF CLAIM January 50 2005 |
|---|---|---|

| CIVIL PENALTY FOR PRESENTING FRAUDULENT CLAIM The claimant shall forfeit and pay to the United States the sum of not less than $5,000 and not more than $10,000, plus 3 times the amount of damages sustained by the United States. (See 31 U.S.C. 3729.) | CRIMINAL PENALTY FOR PRESENTING FRAUDULENT CLAIM OR MAKING FALSE STATEMENTS Imprisonment for not more than five years and shall be subject to a fine of not less than $5,000 and not more than $10,000, plus 3 times the amount of damages sustained by the United States. (See 18 U.S.C.A. 287.) |
|---|---|

95-108
Previous editions not usable

NSN 7540-00-634-4046

STANDARD FORM 95 (Rev. 7-85)
PRESCRIBED BY DEPT. OF JUSTICE
28 CFR 14.2

Continuation Sheet of STANDARD FORM 95

20. The subject matter of both § 204(14) of P.L. 85-859 and the surrounding margin references points only to Sections of Subtitle E including Sections 5001-5862 and 5862(b). Thus for purposes of enforcing any provision of the Code, CID is strictly limited to matters under Subtitle E of the Code.

21. Sections 4001-4003 of the 1939 Code described Internal Revenue Agents and their powers and authorities. Those powers were also limited to matters arising under the alcohol, tobacco, and firearm laws that are now contained within Subtitle E of the 1954 Code.

22. Sections 4001 to 4003 pointed to Sections 2828, 2839, and 3601 of the 1939 Code for authority. §§ 2828 and 2839 were repealed by the enactment of the 1954 Code, (See 26 USC § 7851(a)(5)) but § 3601 was left which only deals with entering premises to inspect taxable objects. Thus, anything done by a CID agent outside the scope of Subtitle E is unlawful.

23. P.L. 85-859 - Sept. 2, 1958, 72 Stat., § 7608 states in part that "the duty of enforcing any of the criminal, seizure, or forfeiture provisions of Subtitle E or any other law of the United States pertaining to the commodities subject to tax..." Claimant has no commodities subject to the tax. See § 7609 for a listed of the "commodities subject to the tax." See Exhibit 2B.

24. On April 23, 2004, Claimant sent the United States Attorney's, Karen George and Kasey Warner a Private Administrative Claim, Proofs of Claims, in which the United States Attorneys admitted and agreed by "tacit procuration" to questions presented therein. See Exhibit 3, questions 66, 67, 68, 69, 71 and 72. A Proof of Claim of was also sent to Judge David A. Faber who also admitted and agreed by "tacit procuration" with the Claimant.

25. Furthermore, neither the IRS nor the United States Government had an agreement with the West Virginia State Police or the West Virginia Government to perform any task for the IRS or the U.S. Government in violation of Title 5 U.S.C. §§ 3372 or 3374.

26. On August 3, 2004, Claimant sent a Freedom of Information request to the West Virginia State Police asking for the agreement between the State Police or the State of West Virginia and the IRS or U.S. Government. Several letters were exchanged, but the State Police would not produce the requested information. Claimant then filed a Motion with the Monroe County Circuit Court for an order to have the State Police produce the requested information. The Motion was ordered by Judge Irons, Monroe County Circuit Court, to be forwarded to the Kanawha County Circuit Court. See Exhibit 4.

27. On October 20, 2004, Col. Hill, Superintendent of the West Virginia State Police, received a Notice of Request for Proofs of Claims requesting answers concerning the agreement between the State Police and the U.S. Government or IRS, to which no response was received. On November 5, 2004, Hill received a Notice of Acceptance of Admissions/Notice of Non-Response and was given three additional days to cure; again no response. On November 15, 2004, Col. Hill received a Notice of Private Administrative Judgment by Default in which Hill admitted by "tacit procuration" that the State Police had no agreement with the U.S. Government or the IRS. See the following cases in support of Title 5, U.S.C., §§ 3372 and



3374: <u>Bordeaux v Lynch</u>, 958 F.Supp. 84 (N.D,N.Y 1997); <u>Dry v United States</u>, 235
F.3d 1258 (10th Cir. 2000); <u>United States v Del Torro</u>, 513 F.2d 656 (1975);
<u>United States v Torres</u>, 862 F.2d 1025 (3rd Cir. 1988); <u>United States v Navarro</u>,
959 F.Supp. 1273 (E.D. Cal. 1997); and <u>Anderson v Government of Virgin Islands</u>,
199 F.Supp.2d 269, 275 (D.V.I. 2002). <u>See Exhibit 5.</u>

28.  The State Police cannot/could not provide "voluntary service."
<u>See Navarro</u>, note 9 (1997 case).

29.  In addition, the State Police had to be "deputized" by a U.S. Marshall
or other approved official, which given the facts herein, the State Police were
not deputized.  <u>See United States v Diamond</u>, 53 F.3d 249, 251 (9th Cir. 1995);
<u>United States v Martin</u>, 163 F.3d 1212, 1215 (10th Cir. 1998) wherein <u>United States
v Feola</u>, 420 U.S. 671, 679, 95 S.Ct. 1255, 43 L.Ed.2d 541 (1975) is cited; and
<u>Tyson v Willaver</u>, 289 F.S.2d 190, 192, n 1, (D. Conn. 2003).

30.  Also see <u>Exhibit 6</u> wherein the Governor of West Virginia was asked for
the aforesaid agreement, and <u>Exhibit 7</u>, wherein the Governor received an Adminis-
trative Demand for Proof of Claim to which no response was received.

31.  As a result of the foregoing, the investigation by the West Virginia
State Polcie on behalf of the IRS, and the arrest of Claimant on behalf of the IRS,
was unlawful and illegal, and therefore the incarceration is unlawful and illegal.

32.  In addition, even if the search and seizure warrant would have been law-
fully obtained, the search & seizure warrant presented to my my wife, Bonnie Lee
Smith, did not have an affidavit affixed so she could determine what was to be
searched and seized.  In addition, she opened our safe under cocercion and duress
when the FBI agent told her that the safe would be removed and opened by them
later.  <u>See Exhibit 8.</u>

33.  Furthermore, the alleged codes on the application for said warrants
and indictment(s) did not display Implementing Regulations pursuant to Title 44
U.S.C., § 1500 et seq. which gives the statute(s) force and affect of law.

34.  The original Judiciary Act of September 24, 1789 A.D., § 9, 1 Stat. 76
states:

> "And it be further enacted, that the district court(s) shall have,
> exclusively of the courts of the several States, cognizance of all
> crimes and offences that shall be cognizable under the authority
> of the <u>United States</u>. (emphasis added)

35.  And in more recent times Title 28 U.S.C., § 732, 1934 edition; Title
18 U.S.C., § 80, 1940 edition; and more recenttly Title 26 U.S.C., § 7402; Title
26 U.S.C., § 7608; and Title 18 as shown below:

> "section 2 - Principals
>
> (a) Whoever commits an offense against the United States or aids,...
>
> (b)  Whoever willfully causes an act to be done which if directly

performed by him or another would be an offense against the
United States,..."

section 3 - "...offense against the United States..."

36.   And the Federal Rules of Civil Procedure 17(a) states in part:

"...prosecute by the "real party in interest."

"..., an action for the use or benefit of another shall be brought
in the name of the United States."

37.   The Supreme Court Digest under the "United States," page 770, is titled
VIII ACTION FOR SUITS, (A) BY UNITED STATES.  Section 93's topic is the "Right
or Capacity of United States to sue,"  No where is the UNITED STATES OF AMERICA
shown to have the capacity to sue or be sued.

38.   The U.S. Attorney knew or should have known that the arrest warrant
was for IRS Agents to perform; however, the U.S. Attorney knew or should have
known that the West Virginia State Police performed the task and that a "requisition
for warrant" should have been sent to the Governor of West Virginia for a "warrant
of extradition", because West Virginia is a foreign jurisdiction with respect to
the United States.  See Cheung v United States, 213 F.3d 82, 92 (2nd Cir. 2000);
20 L.Ed. 597, 80 U.S. 397.

39.   The U.S. Congress recognized that the States jurisdiction is foreign to
the United States when it enacted the Government Organization Statute in 1971.

40.   The Supreme Court held in Michigan v Doran, 439 U.S. 282, 58 L.Ed.2d
521, 99 S.Ct. 530:

"...it was held that under the extradition clause of the Federal
Constitution (Article IV, § 2, clause 2) once the governor of the
asylum state has acted on a requisition for extradition based on
the demanding state's judicial determination that probable cause
existed, no further judicial inquiry may be held on that issue in
the asylum state."

Also:

"Arrest and transportation of fugitive without extradition proceedings
as violate of civil rights actionable under 42 U.S.C., § 1983."
96 L.Ed.2d 750, at 798,

41.   RODNEY EUGENE SMITH and Rodney Eugene Smith are not the same entity
according to the United States own "U.S. Government Style Manual", 2000 edition,
which provides comprehensive grammar, style and usage for all government pub-
lications, including court and legal writing.

42.   At Chapter 17, 1984 edition, Courtwork, the rules of capitalization,
as mentioned in Chapter 3 iterated  that:

"17.1. Courtwork differs in style from other work only as set
forth in this section; otherwise the style prescribed in the
preceding sections will be followed."

At § 17.9, it states:

"In the titles of cases the first letter of all principal words
are capitalied, but not such terms as defendant and appellee."

Section 17.12 also agrees with 17.9, and the Texas Law Review's Manual on Usage
and Style are in agreement.

43.  In letters to the Prosecutor, Assistant U.S. Attorney Karen George,
and the Executive Office for U.S. Attorneys, FOIA/PA Unit, both dated June 25,
2003, Claimant asked for "Prosecutive Memoranda" regarding Case No. 01:01-00007.
U.S. Attorney Kasey Warner, Charleston, WV, responded to said letter on July 8,
2003, and advised where to send a FOIA/PA request.  He did not deny that a "pro-
secutive Memoranda" was needed to prosecute case 01:01-00007.  A request was
also sent to the National Archives and Record Administration who responded by
stating they had no such documents.  See Exhibit 9.

44.  The only evidence provided by the DOJ was a proposed "indictment" with
an "Indictment Review Cover Sheet" with an alleged signature dated 12-28-00, with
no seal or stamp or signature block showing who or what department allegedly
approved the Indictment Review Cover Sheet.

45.  Therefore, there is no "Prosecutive Memoranda" signed by an approved
official from the DOJ to prosecute RODNEY EUGENE SMITH or Rodney Eugene Smith.
If the Prosecutive Memoranda was not requried, the U.S. Attorney should have
responded that the Prosecutive Memoranda was not required based on whatever law,
rule, or code supported the fact that the Prosecutive Memoranda was not required.
Therefore, the only conclusion is that the "Prosecutive Memoranda" was required,
but not obtained.

46.  As to the income tax charge, DOJ Directive 52 requires that a Form 9131
be aproved to prosecute revenue charges.  There is no Form 9131 on the record.

47.  Consequently, there was no subject matter or personam jurisdiction over
either RODNEY E or EUGENE SMITH or Rodney Eugene Smith/Secured Party/Creditor.

48.  Subsequently, the U.S. Attorney(s) failed in their administrative/min-
isterial duty to insure that the IRS agents were "law enforcement officers", that
the affidavits in support of the warrants contained first hand knowledge, that
the West Virginia State Police had an agreement in place to perform a lawful under
cover operation, that there was an lawful informant having knowledge of any
alleged crime being committed, that the arrest was lawfully and legally done, and
that a "Warrant of Extradition" was in place.

49.  The Prosecuting Attorneys and the trial Judge are in agreement with
Claimant as evidence in Exhibit 3, and paragraph 24.

Rodney Eugene Smith
FGC, Low, Unit C-3
P.O. Box 1031
Coleman, FL, 33521-1031

Kimberly P. Smith, Torts Branch
Civil Division, DOJ
P.O. Box 888, Franklin Station
Washington, D.C., 20044

*Cert Mail:*   7005 0390 0000 8160 9998

June 23, 2005

Re: Your letter dated February 10, 2005

Dear Ms. Smith:

The attached Amended SF 95 has been forwarded to the following:

Kasey Warner, U.S. Attorney
P.O. Box 1713
Charleston, WV, 25326

Tom Britton, Claims Manager
General Legal Services, IRS
95 L'Enfant Plaza, S.W.
Washinton, D.C., 20024

Valeri Caproni General Consul
FBI
935, Pennsylvania Ave., N.W.,  Rm 7427
Washington, D.C., 20535-0001

Mary-Ellan Krcha, Claim Manager
IRS Office of Chief Counsel (CC:GLS:CLP)
950 L'Enfant Plaza, SW, 2nd floor
Washington, D.C., 20024

Sincerely,

*Rodney Eugene Smith*

Rodney Eugene Smith

**U.S. Postal Service™**
**CERTIFIED MAIL™ RECEIPT**
(Domestic Mail Only; No Insurance Coverage Provided)

For delivery information visit our website at www.usps.com®

| | |
|---|---|
| Postage | $ .60 |
| Certified Fee | 2.30 |
| Return Receipt Fee (Endorsement Required) | Postmark Here |
| Restricted Delivery Fee (Endorsement Required) | |
| Total Postage & Fees | $ 2.90 |

Sent To: KIMBERLY SMITH TORT CLAIMS
Street, Apt. No.; or PO Box No. PO BOX 888
City, State, ZIP+4 WASH. D.C. 20044

PS Form 3800, June 2002    See Reverse for Instructions

7005 0390 0000 8160 9998

*Exhibit*
*6*

**CLAIM FOR DAMAGE, INJURY, OR DEATH**

INSTRUCTIONS: Please read carefully the instructions on the reverse side and supply information requested on both sides of this form. Use additional sheet(s) if necessary. See reverse side for additional instructions.

FORM APPROVED
OMB NO.
1105-0008
EXPIRES 3-31-91

AMENDED COMPLAINT

| 1. Submit To Appropriate Federal Agency: | 2. Name, Address of claimant and claimant's personal representative, if any. (See instructions on reverse.) (Number, street, city, State and Zip Code) |
|---|---|
| Director of Tort Civil Division U.S. Dept. of Justice Washington, D.C., 20530 | Rodney Eugene Smith FCC, Low, Unit C-3 P.O. Box 1031 Coleman, FL, 33521-1031 |

| 3. TYPE OF EMPLOYMENT ☐ MILITARY ☐ CIVILIAN | 4. DATE OF BIRTH 17/11/37 | 5. MARITAL STATUS M | 6. DATE AND DAY OF ACCIDENT December 7, 2000 | 7. TIME (A.M. OR P.M.) 8:30 A.M. |
|---|---|---|---|---|

8. Basis of Claim (State in detail the known facts and circumstances attending the damage, injury, or death, identifying persons and property involved, the place of occurence and the cause thereof.) (Use additional pages if necessary.) On December 7, 2000, at about 8:30 A.M., on a West Virginia State dirt road in Monroe County, West Virginia, approximately one mile from my house, the West Virginia State Police arrested me and turned me over immediately to the Internal Revenue Service agent Frank Klepadlo and another IRS agent. A search warrant was obtained on December 6, 2000, and an arrest warrant was obtained December 7, 2000. This matter involves USDC, Southern District of WV, case # 01:01-00007.
This SF 95 is amended, the original SF continuation remains the same.
The IRS agents are in violation of Executive Order No. 12674, PRINCIPLES OF ETHICAL CONDUCT FOR GOVERNMENT OFFICERS AND EMPLOYEES.

**9. PROPERTY DAMAGE**

NAME AND ADDRESS OF OWNER, IF OTHER THAN CLAIMANT (Number, street, city, State, and Zip Code)
NA

BRIEFLY DESCRIBE THE PROPERTY, NATURE AND EXTENT OF DAMAGE AND THE LOCATION WHERE PROPERTY MAY BE INSPECTED. (See instructions on reverse side.) As a result of the IRS to abide by "binding directives", (Loughlin v U.S., 393 F.3d 155 (D.C.Cir. 2004), Title 5, §§ 3372/3374 and Title 18, § 3182 and other directives mentioned in the SF 95 continuation sheets, claimant has suffered damages as outlined in 10.

**PERSONAL INJURY/WRONGFUL DEATH**

STATE NATURE AND EXTENT OF EACH INJURY OR CAUSE OF DEATH, WHICH FORMS THE BASIS OF THE CLAIM. IF OTHER THAN CLAIMANT, STATE NAME OF INJURED PERSON OR DECEDENT. Claimant has suffered loss of liberty, loss of property, loss of enjoyment of life, pursuit of happiness, loss of companship with his wife of 48 years, loss of family relationship, right to due process of law, kidnapping, abuse of process, assualt and battery, false arrest/imprisonment, unlawful search & seizure.

**11. WITNESSES**

| NAME | ADDRESS (Number, street, city, State, and Zip Code) |
|---|---|
| Eric Lee Jensen | FCC, Low, Unit B-2, P.O. Box 1031 Coleman, FL, 33521-1031 |
| Wayne Johnson | FCC, Low, Unit A-4, P.O. Box 1031 Coleman, FL, 33521-1031 |

**12. (See Instructions on reverse)    AMOUNT OF CLAIM (in dollars)**

| 12a. PROPERTY DAMAGE | 12b. PERSONAL INJURY | 12c. WRONGFUL DEATH | 12d. TOTAL (Failure to specify may cause forfeiture of your rights.) |
|---|---|---|---|
| $500,000,000.00 | $500,000,000.00 | | $1,000,000,000.00 |

I CERTIFY THAT THE AMOUNT OF CLAIM COVERS ONLY DAMAGES AND INJURIES CAUSED BY THE ACCIDENT ABOVE AND AGREE TO ACCEPT SAID AMOUNT IN FULL SATISFACTION AND FINAL SETTLEMENT OF THIS CLAIM

| 13a. SIGNATURE OF CLAIMANT (See instructions on reverse side.) *Rodney Eugene Smith* | 13b. Phone number of signatory NA | 14. DATE OF CLAIM January 4, 2005 |
|---|---|---|

| CIVIL PENALTY FOR PRESENTING FRAUDULENT CLAIM The claimant shall forfeit and pay to the United States the sum of $2,000, plus double the amount of damages sustained by the United States. (See 31 U.S.C. 3729.) | CRIMINAL PENALTY FOR PRESENTING FRAUDULENT CLAIM OR MAKING FALSE STATEMENTS Fine of not more than $10,000 or imprisonment for not more than 5 years or both. (See 18 U.S.C. 287, 1001.) |
|---|---|

95-108
Previous editions not usable.

NSN 7540-00-634-4046

STANDARD FORM 95 (Rev. 7-85)
PRESCRIBED BY DEPT. OF JUSTICE
28 CFR 14.2



**DEPARTMENT OF THE TREASURY**
INTERNAL REVENUE SERVICE
WASHINGTON, D.C. 20224

CHIEF COUNSEL

FEB 2 2 2005

Rodney Eugene Smith
Federal Correctional Complex
Low, Unit C-3
P.O. Box 1031
Coleman, FL  33521-1031

Re:  Federal tort claim for $1,000,000,000.00 in damages; IRS Claim No.: 05-064

Dear Mr. Smith:

We have received the documentation for the federal tort claim you filed on or about January 4, 2005, for damages in the amount of $1,000,000,000.00.

When a claim is filed under the Federal Tort Claims Act (FTCA), 28 U.S.C. 1346(b), 2671-2680, certain information should be supplied to the appropriate federal agency to ensure a completed claim is filed and to aid in the disposition of the claim.  Specifically: the claim must be signed by either the claimant or his/her agent or representative; the total dollar amount (sum certain) of the claim must be stated and substantiation for the damages must be provided.  It appears your claim is complete.  If we need additional information, you will be contacted.

Please be advised that once a completed claim is filed under the FTCA, the federal government agency responsible for handling the claim has *six months* from the date a completed claim is filed to render a determination on the claim. We try to review all completed claims very quickly, and many take much less than six months.  Please direct all documentation and/or correspondence to my attention at the address below.

If you have any questions, please call me at (202) 283-7908.

Sincerely,

Mary-Ellan Krcha, Claims Manager
IRS Office of Chief Counsel (CC:GLS:CLP)
950 L'Enfant Plaza, SW, 2nd Floor
Washington, DC  20024

Rodney Eugene Smith
FCC, Low, Unit C-3
P.O. Box 1031
Coleman, FL, 33521-1031

Kimberly P. Smith, Paralegal Specialist
Torts Branch, Civil Division
U.S. Department of Justice
P.O. Box 888
Benjamin Franklin Station
Washington, D.C., 20044

February 21, 2005

Re:  PJP:KPSmith:his; 157016-NEW, your letter February 10, 2005

Dear Kimberly P. Smith:

Thank you for your prompt response.

Attached hereto are copies of filings with the U.S. District Court which contain information that may be of assistance to you. The first is a filing of January 28, 2005 and the second a filing of February 7, 2005.

As to the February 7th filing regarding Title 11, § 1307(b) on page 7, the following is submitted is support thereof:

The Second Circuit in In Re Barbierbe, 199 F.3d 616 (2nd Cir. 1999) held:

> "In re Harper-Elder, 184 B.R 403 (Bankr. D.D.C. 1995) (holding that a debtor's right to dismiss is absolute.) We hold that a debtor has an absolute right to dismiss a Chapter 13 petition under § 1307(b), subject only to the limitation explicity stated in that provision.
> [2] Section 1307(b) unamigously requires that if a debtor "at any time" moves to dismiss a case that has not previously been converted, the court "shall" dismiss the action. The term "shall", as the Supreme Court has reminded us, generally is mandatory and leaves no room for the exercise of discretion by the trial court. See Anderson v Yungkau, 329 U.S. 482, 485, 67 S.Ct. 482, 91 L.Ed.2d 436 (1947) (analyzing the language of Fed.R.Civ.P. 25(a), and noting that "[t]he word 'shall' is ordinarily the language of command" (internal quotations marks omitted)); see also Sievers v Green (In re Green), 64 B.R. 530, 531 (9th Cir. BAP 1986)(discussing § 1307(b), and noting that "[t]he the word 'shall' is a word of command which allows the trial court no discretion"). The only limitation of the right to dismiss is stated in § 1307(b) itself, which provides for dismissal "if the case has not been converted under section 707, 1112, or 1208 of this title." (emphasis added).
>
> [3] The mandatory nature of § 1307(b) becomes even clearer when the language of that provision is compared with the permissive language

1

of § 1307(b). See Green, 64 B.R. at 530-531. As the Supreme Court has observed, "[i]t is generally presumed that Congress acts intentionally and purposely when it includes particular language in one section of a statute but omits it in another. BFP v Resolution Trust Corp., 511 U.S. 531, 537, 114 S.Ct. 1757, 128 L.Ed.2d 556 (1994)(internal quotation marks omitted). "[W]hen the same [provision] uses both 'may' and 'shall', the normal inference is that each is used in its usual sense – the one act being permissive, and the other mandatory." Anderson, 329 U.S. at 485, 67 S.Ct. 428. For these reasons, we conclude that § 1307(b) gives a debtor an absolute right to dismiss a Chapter 13 petition, subject only to the limitation set forth in that section – namely, that the case must not have "been converted under section 706, 1112, or 1208 of this title."

Also the following confirm Barbierbe:

In Re Koch, 109 F.3d 1289 (8th Cir. 1997): "Chapter 13 relief is at the option of the debtor. See § 1307(a)(b)."

In Re Gamble, 168 F.3d 445 (11th Cir. 1999): "note 3 – "...and (2) debtors have the right to dismiss a chapter 13 case at any time; see 11 USC, § 1307(b)."

Handeen v Lemaire, 112 F.3d 1339, 1349 (8th Cir. 1997): "Furthermore the decision to seek Chapter 13 relief is wholly voluntary, and the debtor may, subject to exceptions not presently relevant, dismiss his case at any time. See id § 1307(b)."

United States v Klimek, 952 F.S. 1100, 1105 (E.D. PA. 1997): "On December 28, 1995, Judge Fox of the Bankruptcy Court granted Klimek's praecipe for voluntary dismissal, pursuant to 11 USC, § 1307(b), of the bankruptcy proceeding Klimek had, less that two months earlier, begun."

I hope the preceeding will be of assistance to you. I did not have that information when the February 7th filing was submitted.

Awaiting your response.

Sincerely

*Rodney Eugene Smith*
Rodney Eugene Smith

P.S. A FOIA/PS request was sent requesting IRS & BATF agents job descriptions, oaths of office, agreement between W.Va. State Police and U.S. government, and the deputized oaths of office for the W.Va. State Police. Will keep you posted.

cc: IRS
    FBI
    U.S. Attorney, Charleston, WV

2



**U.S. Department of Justice**

*Civil Division, Torts Branch*
*Federal Tort Claims Act Staff*

Kimberly P. Smith
Paralegal Specialist

Post Office Box 888
Benjamin Franklin Station
Washington, D.C. 20044

Telephone: (202) 616-4233
Facsimile: (202) 616-5200

PJP:KPSmith:hls
157-16-NEW

February 10, 2005

Rodney Eugene Smith
#03898-088
Federal Correctional Complex
Low, Unit C-3
Post Office Box 1031
Coleman, FL 33521-1031

Re:    Administrative Tort Claim of Rodney Eugene Smith

Dear Mr. Smith:

The administrative tort claim dated January 4, 2005, which you presented to the Department of Justice on January 10, 2005, was referred to this office for handling.

Your claim has been assigned to me for handling. As soon as I have reviewed the material, I will contact you. Should you have any questions in the interim, please feel free to contact me at the following address:

**Kimberly P. Smith**
**Paralegal Specialist**
**Torts Branch, Civil Division**
**United States Department of Justice**
**P. O. Box 888**
**Benjamin Franklin Station**
**Washington, D.C. 20044.**

Very truly yours,

KIMBERLY P. SMITH
Paralegal Specialist
Torts Branch, Civil Division

cc w/encls:    Honorable Karl K. Warner, II
               United States Attorney
               Southern District of West Virginia
               Post Office Box 1713
               Charleston, WV  25326

               Tom Britton
               Claims Manager
               General Legal Services
               Internal Revenue Services
               95 L'Enfant Plaza, S.W.
               Washington, D.C.  20024

               Honorable Valerie Caproni
               General Counsel
               Federal Bureau of Investigation
               935 Pennsylvania Avenue, N.W., Room 7427
               Washington, D.C.  20535-0001



U.S. Postal Service™
**CERTIFIED MAIL™ RECEIPT**
(Domestic Mail Only; No Insurance Coverage Provided)

For delivery information visit our website at www.usps.com®

| | | |
|---|---|---|
| Postage | $ | 3.85 |
| Certified Fee | | 2.30 |
| Return Receipt Fee (Endorsement Required) | | |
| Restricted Delivery Fee (Endorsement Required) | | 2005 JAN -5 A 6: 55 |
| Total Postage & Fees | $ | 6.15 |

Postmark Here

FCC COLEMAN
LOW FACILITY
MAILROOM

Sent To: *DIRECTOR OF TORT - CIVIL*
Street, Apt. No.; or PO Box No. *U.S. D.O.J.*
City, State, ZIP+4 *WASH D.C., 20530*

PS Form 3800, June 2002                See Reverse for Instructions

| CLAIM FOR DAMAGE, INJURY, OR DEATH | INSTRUCTIONS: Please read carefully the instructions on the reverse side and supply information requested on both sides of this form. Use additional sheet(s) if necessary. See reverse side for additional instructions. | FORM APPROVED OMB NO. 1105-0008 EXPIRES 5-31-05 |
|---|---|---|

| 1. Submit To Appropriate Federal Agency:<br>Director of Tort<br>Civil Division<br>U.S. Dept. of Justice<br>Washington, D.C., 20530 | please send to<br>IRS<br>1111 Constitutional Ave.<br>N.W.,<br>Wash., D.C. 20002 | 2. Name, Address of claimant and claimant's personal representative, if any. (See instructions on reverse.) (Number, street, city, State and Zip Code)<br>Rodney Eugene Smith<br>FCC, Low, Unit C-3<br>P.O. Box 1031<br>Coleman, FL, 33521-1031 |
|---|---|---|

| 3. TYPE OF EMPLOYMENT<br>MILITARY   CIVILIAN NA | 4. DATE OF BIRTH<br>17/11/37 | 5. MARITAL STATUS<br>M | 6. DATE AND DAY OF ACCIDENT<br>December 7, 2000 | 7. TIME (A.M. OR P.M)<br>Appx. 8:30A.M. |
|---|---|---|---|---|

8. Basis of Claim (State in detail the known facts and circumstances attending the damage, injury, or death, identifying persons and property involved, the place of occurrence and the cause thereof) (Use additional pages if necessary.)  On December 7, 2000, at about 8:30A.M., on a West Virginia State dirt road in Monroe County, West Virginia, approximately one mile from my house, the West Virginia State Police arrested me and turned me over immediately to the Internal Revenue Service agent Frank Klepadlo and another IRS agent. A search warrant was obtained on December 6, 2000 and an arrest warrant was obtained December 7, 2000. This matter involves USDC, Southern District of WV, Case # 01:01-00007.
See Continuation of SF-95, dated
The Exhibits attached hereto are incorporated herein by reference as if fully contained herein.

| 9. PROPERTY DAMAGE |
|---|

NAME AND ADDRESS OF OWNER, IF OTHER THAN CLAIMANT (Number, street, city, State, and Zip Code)
NA

BRIEFLY DESCRIBE THE PROPERTY, NATURE AND EXTENT OF DAMAGE AND THE LOCATION WHERE PROPERTY MAY BE INSPECTED. (See instructions on reverse side)  As result of the unlawful acts of IRS agents, Claimant is incarcerated, and his II, IV, V, VI, VIII, IX, X Articles in Amendment 1791 A.D. to the Constitution for the United States of America 1789 A.D. have been violated.

| 10. PERSONAL INJURY/WRONGFUL DEATH |
|---|

STATE NATURE AND EXTENT OF EACH INJURY OR CAUSE OF DEATH, WHICH FORMS THE BASIS OF THE CLAIM. IF OTHER THAN CLAIMANT, STATE NAME OF INJURED PERSON OR DECEDENT  Claimant has suffered loss of liberty, loss of property, loss of enjoyment of life, and the pursuit of happiness, loss of companionship with his wife of 48 years, loss of family relationship, right to due process of law violated, forced into cruel and unusual punishment unlawfully, the State of West Virginia failed to protect one of its Citizens, etc.

| 11. WITNESSES |  |
|---|---|
| NAME | ADDRESS (Number, street, city, State, and Zip Code) |
| Eric Lee Jensen | FCC, Low, Unit B-2, P.O. Box 1031<br>Coleman, FL, 33521-1031 |
| Wayne Johnson | FCC Low, Unit A-4, P.O. Box 1031<br>Coleman, FL, 33521-1031 |

| 12. (See instructions on reverse) | AMOUNT OF CLAIM (in dollars) | | |
|---|---|---|---|
| 12a. PROPERTY DAMAGE | 12b. PERSONAL INJURY | 12c. WRONGFUL DEATH | 12d. TOTAL (Failure to specify may cause forfeiture of your rights.) |
| $500,000,000.00 | $500,000,000.00 | | $1,000,000,000.00 |

I CERTIFY THAT THE AMOUNT OF CLAIM COVERS ONLY DAMAGES AND INJURIES CAUSED BY THE ACCIDENT ABOVE AND AGREE TO ACCEPT SAID AMOUNT IN FULL SATISFACTION AND FINAL SETTLEMENT OF THIS CLAIM

| 13a. SIGNATURE OF CLAIMANT (See instructions on reverse side.)<br>*Rodney Eugene Smith* | 13b. Phone number of signatory<br>NA | 14. DATE OF CLAIM<br>4 Jan 2005 |
|---|---|---|

| CIVIL PENALTY FOR PRESENTING FRAUDULENT CLAIM<br>The claimant shall forfeit and pay to the United States the sum of not less than $5,000 and not more than $10,000, plus 3 times the amount of damages sustained by the United States. (See 31 U.S.C. 3729.) | CRIMINAL PENALTY FOR PRESENTING FRAUDULENT CLAIM OR MAKING FALSE STATEMENTS<br>Imprisonment for not more than five years and shall be subject to a fine of not less than $5,000 and not more than $10,000, plus 3 times the amount of damages sustained by the United States. (See 18 U.S.C.A. 287.) |
|---|---|

| 3-108 | NSN 7540-00-634-4046 | STANDARD FORM 95 (Rev. 7-85)<br>PRESCRIBED BY DEPT. OF JUSTICE<br>28 CFR 14.2 |
|---|---|---|

Previous editions not usable

Rodney Eugene Smith
FCC, Low, Unit C-3
P.O. Box 1031
Coleman, FL, 33521-1031

Internal Revenue Service
Tort Claims Division
1111 Constitutional Ave., N.W.
Washington, D.C., 20002

Date:  January 4, 2005

Claimant: Rodney Eugene Smith

Date of Loss:  December 7, 2000

NOTICE OF TORT CLAIM

Certified Mail No.:
7003 3110 0002 1644 9085

Dear Sir/Madam:

Claimant, Rodney Eugene Smith, is the Secured Party/Creditor of the Debtor/ RODNEY E or EUGENE SMITH, and herein files this Claim for Damages as a matter of right, arising out of a false arrest and false imprisonment, causing the Secured Party, Rodney Eugene Smith, loss of liberty, loss of property, loss of enjoyment of life, pursuit of happiness, loss of companionship with my wife of 48 years and my family, right to due process of law, forced into cruel and unusual punishment, all of which violated the Articles in Amendment II, IV, V, VI, VIII, IX, and X to the Constitution for the United States.

The facts surrounding this claim are contained with the STANDARD FORM 95 and the continuations sheets pages 1, 2, 3, and 4.

Rodney Eugene Smith demands the sum of one billion U.S. dollars ($1,000,000, 000.00) for his damages, as set out in STANDARD FORM 95, as a result of the aforesaid violations by the Internal Revenue Service agents.

Respectfully submitted

*Rodney Eugene Smith*

Rodney Eugene Smith, Secured Party

Subscribed and sworn before me this 3rd day of January, 2004.

FCC Coleman, Florida  Sumter County

Subscribed and sworn before me this
3rd day of _____, 20__
_____
Case Manager
Authorized by the Act of July 7, 1955, as
amended, to administer oaths (18 USC§4004.)

COMMERCIAL
AFFIDAVIT OF TRUTH

State of Florida)
                )·ss                              7003 3110 0002 1644 9085
County of Sumter)

    I, Rodney Eugene Smith, being first duly sworn, depose and say:

1.  That I am the Secured Party/Creditor of the Debtor/RODNEY E or EUGENE SMITH
or any derivative thereof; and,

2.  That as the Secured Party, I have a priority interest in protecting the property
and property right(s) of both the Debtor and Secured Party; and,

3.  That I am the creditor/principle holding claim and property lien interest to
the Debtor and UNITED STATES DISTRICT COURT SOUTHERN DISTRICT OF WEST VIRGINIA,
Case # 01:01-00007. See attached UCC_1 Financing Statement & UCC-3, and UCC Search.

4.  That on December 7, 2000, the Secured Party/Creditor was arrested by the West
Virginia State Police and immediately turned over to Internal Revenue Service agents
in violation of Title 5 U.S.C., §§ 3372 and 3374, and furthermore, no extradition
warrant was obtained from the Governor of West Virginia to extradite Rodney Eugene
Smith into Federal territory, as the State of West Virginia and the United States
of America are two different distinct and legal entities; and,

5.  That as a result of the false arrest a sham trial occurred and Rodney Eugene
Smith was falsely imprisoned; and

6.  That said damages are real and approximate as so enumerated on STANDARD FORM
95 Form, in and for this private matter, Claim for Damage, Injury, attached herein,
and damages set at one billion U.S. dollars ($1,000,000,000.00)

    WHEREFORE, this Commercial Affidavit of Truth supports Claimants Tort Notice
and Claim for Damages and is True, Correct, and Certain.

    Further Affiant sayeth not.

                    *Rodney Eugene Smith*
                  Rodney Eugene Smith, Secured Party/
                  Creditor./Affiant, Claimant.

Subscribed and sworn before this _3rd_ day of January, 2004.

                        FCC Coleman, Florida  Sumter County

                        Subscribed and sworn before me this
                        3rd day of _____, 20__

                        Case Manager

                        Authorized by the Act of July 7, 1955, as
                        amended, to administer oaths (18 USC§4004.)

continuation sheet of STANDARD FORM 95, filed

1.  The United States Attorney for the United States in the United States District Court for Idaho, Case 93-405-E-EJL (1993) admitted that the Internal Revenue Service is not an agency of the United States. (see Exhibit 1)  Congress did not create a Bureau of Internal Revenue via the 1862 Act in which the Office of Commissioner of Internal Revenue was created.  The 1862 Act in which the Office of Internal Revenue was created, in reality created the offices of "assessor" and "collector", in addition to the Office of Commissioner.

2.  The Act of 1862 was abolished in 1871.  Therefore, Congress never met the requirements of Article I, § 8, clause 18 of the Constitution of 1789 A.D., so the IRS cannot legitimately enforce internal revenue laws of the U.S. in the States of the Union as there is no nexus to the Constitution.  (Also see the Statement of IRS organization at 39 Fed. Reg. 11572, 1974-1 Cum. Bul. 440, 37 Fed. Reg. 20960, and the Internal Revenue Service Manual 1100 through the 1997 edition.)

3.  Therefore, no internal revenue districts under IRS administrative enforcement jurisdiciton have been established in the States of the Union under authority of 26 U.S.C. § 7621 and Executive ORder # 10289, as amended.  (See 26 CFR 301.7621.1)  Therefore, IRS enforcement venue is restricted by 4 U.S.C., § 72.  (See 26 U.S.C., § 7601 et seq.)

4.  Those agents appointed as "assessors" and "collectors" under the 1862 Act continued to collect internal revenue with the States of the Union until the Internal Revenue Code of 1954.  The offices of assessor and collector were abolished via Reorganization Plan No. 26 of 1950.  The name of Bureau of Internal Revenue was changed to Internal Revenue Service via Treasury Order # 150-27, which was not published in the Federal register as mandated by the requirements of the Federal Register Act.  (See 44 U.S.C. §§ 1501 et seq., particularly § 1505(a).

5.  Congress has authorized the IRS as successor of the Bureau of Internal Revenue to administer Chapters 1, 2, and 3 of the Internal Revenue Code (IRC) in insular possessions of the United States via 26 U.S.C. § 7701(a)(12)(B).  Acts of the first civil governor of Porto Rico in May, 1900 and subsequent acts of the Porto Rico legislature, are published in Senate Documents beginning with the 1900 edition.  The original gubernatorial act and subsequent legislation established five different entities that through the years were merged to become the Bureau of Internal Revenue, Puerto Rico.  Acts of the first Puerto Rico (spelling changed) legislature are in the 1901 edition.  The continum is affirmed by the current 27 CFR § 250.11.  The term "revenue agent" is defined in 27 CFR § 250.11 as "Any duly authorized Commonwealth Internal Revenue Agent of the Department of the Treasury of Puerto Rico."

6.  Therefore, IRS Agents have no authority to ask for a search or arrest warrant within the Union of States.  F.R.CR.P. Rule 41(a) states in part:

   "...upon the request of a federal law enforcement officer or an attorney for the government, a search warrant authorized by this rule may be issued (1) by a federal magistrate judge..."

7.  The C.F.R.'s dealing with the Department of Justice and the authority to request the issuance of search warrants under Rule 41 provide in relevant part:

continuation sheet of STANDARD FORM 95, filed

---

PART 60 — AUTHORIZATION OF FEDERAL LAW ENFORCEMENT
OFFICER TO REQUEST THE ISSUANCE

Sec. 60.1 Purpose
This regulation authorizes certain categories of federal law enforce-
ment officers to request the issuance of search warrants under Rule
41, F.R.CR.P., and lists the agencies whose officers are so authorized.
Rule 41(a) provides in part that a search warrant may be issued "upon
the request of a federal law enforcement officer," and defines the term
in Rule 41(h) as "any government agent...who is engaged in the enforce-
ment of the criminal laws and is within the category of officers
authorized by the Attorney General to request the issuance of a search
warrant." The publication of the categories and listing of the agencies
is intended to inform the courts of the personnel who are so authorized.
It should be noted that only in the very rare emergent case is the law
enforcement officer permitted to seek a search warrant without the
concurrence of the appropriate U.S. attorney's office...", 28 C.F.R. 60.1
(emphasis added)

8. Under 28 C.F.R. 60.2, there are additional federal law enforcement
officers identified in subparagraphs (c) through (q) which deal with special agents
of various departments, etc. It is significant to note that a special agent of
the Criminal Investigation Division of the IRS is not included.

9. The relevant portion of 26 U.S.C. § 7608 — AUTHORITY OF INTERNAL REVENUE
OFFICERS — is subtitle (b) which is entitle "Enforcement of Laws Relating to
Internal Revenue other than Subtitle (e)."

subsection (b)(1):
"Any criminal investigator of the Intelligence Division of the Internal
Revenue Service whom the secretary charges with the duty of enforcing
any of the criminal provisions of the Internal Revenue laws, any other
criminal provisions of law relating to Internal Revenue for enforcement
of which the secretary is responsible, or any other law for which the
secretary has delegated investigatory authority to the Internal Revenue
Service, is, in the performance of his duties, authorized to perform
functions described in paragraph (2).

10. The functions under paragraph (2) are to execute and serve search warrants
and arrest warrants in the territorial possessions. There is no authorization
to make application for a search warrant or arrest warrant within the continential
U.S. In fact, IRS agents are only authorized to execute warrants upon computerized
records within the territories.

11. The Department of the Treasury is an administrative agency; it is not
the Treasury of the U.S. which was established while Congress was still convened
under the Articles of Confederation; but was established by Congress under the
Constitution via the act of September 2, 1789. It has always been under Congress
supervision. The Department of the Treasury has very little authority in the
Union of Several States.

Continuation Sheet of STANDARD FORM 95, filed

12.  Public Law 105-206, July 22, 1998 gives the Treasury Inspector General for Tax Administration the duties to enforce the laws regarding the I.R.C. of 1986 and no other.  The Secretary of the Treasury filed in the Federal Registry, vol. 64, No. 16, Tuesday, January 26, 1999, NOTICES, Treasury Order Number 115-01, authorizing the Office of Treasury Inspector General for Tax Administration to enforce criminal provisions of internal revenue laws.

13.  The U.S. Government Manual 1998-1999 edition, the functional diagram of the Department of the Treasury, clearly shows the IRS as being excluded from the chain of command under the Secretary for Enforcemtn.  Therefore, it is absolutely clear the IRS has no enforcement power, only investigative authority.

14.  26 CFR 1.274-5T(k)(6)(ii) states:

"Law Enforcement Officer – The term law enforcement officer means an individual who is employed on a full-time basis by a governmental unit that is responsible for the prevention or investigation of crime involving injury to persons or property (including apprehension or detention of persons for such crimes), who is authorized by law to carry firearms, execute search warrants, and to make arrests (other than merely a citizen's arrest), and who regularly carries firearms (except when it is not possible to do so because of the requirements of undercover work.)  The term law enforcement officer may include an arson investigator if the investigator otherwise meets the requirements of this paragraph (k)(6)9ii), but does not include Internal Revenue Service Special Agents."  (emphasis added)

15.  In the case United States V Providence Journal Co., 485 U.S. 693, 99 L.Ed.2d 785, 108 S.Ct. 1502 (1988) the court established the principle that the court lacks jurisdiction over an action commenced on behalf of the government by a person not "authorized" to do so.

16.  Referring back to paragraph 7, there is no record in the court's docket to indicate that the IRS obtained authority from the U.S. attorney to seek arrest and search warrants.

17.  In the application for the search warrant, IRS Agent Jason L. Gandee identifies himself as a "Special Agent, Criminal Investigation, Internal Revenue Service."  (See Exhibit 2.)

18.  On April 23, 2004, Claimant sent the U.S. and Assistant U.S. Attorney's a Private Administrative Claim, Proofs of Claim, in which the U.S. Attorney's admitted by "tacit procuration" to questions presented therein.  See page 11, questions 66, 67, 68, 69; page 12, question 71, and 72.  See Exhibit 3. A Proof of Claims was also sent to Judge David A. Faber, who also by "tacit procuration" agreed with Claimant.

19.  Furthermore, neither the IRS nor the U.S. Government had an agreement with the West Virginia State Police or the West Virginia Government to perform any task for the IRS or the U.S. Government in violation of Title 5 U.S.C., §§

page 3 of continuation

Continuation Sheet of STANDARD FORM 95, filed

3372 and 3374.

20. On August 3, 2004, Claimant sent a Freedom of Information request to the West Virginia State Police asking for the agreement between the State Police or the State of West Virginia and the IRS or U.S. Government. Several letters were exchange but the State Police would not produce the requested information. Claimant then filed a Motion with Monroe County Circuit Court for an order to have the State Police produce the requested information. The Motion was ordered by Judge Irons, Monroe County Circuit Court, to be forwarded to the Kanawha County Circuit Court. See Exhibit 4.

21. On October 20, 2004 Col Hill, Superintendent of West Virginia State Police received a Notice of Request for Proofs of Claims requesting answer concerning the agreement between the State Police and the U.S. Government or IRS, to which no response was received. On November 5, 2004, Hill received a Notice of Acceptance of Admissions/Notice of Non-Response and was given three additional days to cure, again no response. On November 15, 2004, Hill received a Notice of Private Administrative Judgment by Default in which Hill admitted by "tacit procuration" that the State Police had no agreement with the U.S. Government or the IRS. See the following cases in support of Title 5 U.S.C. §§ 3372 and 3374: Bordeaux v Lynch, 958 F.Supp. 84 (N.D.N.Y. 1997); Dry v United States, 235 F.3d 1258 (10th Cir. 2000); United States v Del Toro, 513 F.2d 656 (1975); United States v Torres, 862 F.2d 1025 (3rd Cir. 1988); United States v Navarro, 959 F.Supp. 1273 (E.D. Cal. 1997); and Anderson v Government of Virgin Islands, 199 F.Supp. 2d 269, 275 (D.V.I. 2002). See Exhibit 5.

22. The State Police cannot/could not provide "voluntary service." See Navarro, note 9 (1997 case)

23. In addition, the State Police had to be "deputized" by a U.S. Marshall which given the facts herein, the State Police were not deputized. See United State v Diamond, 53 F.3d 249, 251 (9th Cir. 1995); United States v Martin, 163 F.3d 1212, 1215 (10th Cir. 1998) wherein United States v Feola, 420 U.S. 671, 679, 95 S.Ct. 1255, 43 L.Ed.2d 541 (1975) is cited; and Tyson v Willaver, 289 F.S.2d 190, 192, n 1, (D.Conn. 2003).

24. Also see Exhibit 6 wherein the Governor was asked for the aforesaid agreement, and Exhibit 7 wherein the Governor received an Administrative Demand for Proof of Claims to which no response was received.

25. As a result of the foregoing, the investigation by the West Virginia State Police on behalf of the IRS, and the arrest of Claimant on behalf of the IRS, was unlawful and illegal, and therefore the incarceration is unlawful and illegal.

26. In addition, even if the search and seizure warrant would have been lawfully obtained, the search & seizure warrant presented to my wife, Bonnie Lee Smith, did not have an affidavit affixed to she could determine what was to be searched and seized. In addition, she opened our safe up under cocercion when the FBI agent told her that the safe would be removed and opened by them later. See Exhibit 8.

RECEIVED
JAN 13 2006
NANCY MAYER WHITTINGTON, CLERK
U.S. DISTRICT COURT